**BRAZOS TRANSIT DISTRICT,**
**Appellant,**

v.

**Arturo LOZANO, Appellee.**

**No. 09–01–272 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted Dec. 31, 2001.

Decided March 28, 2002.

Lynne M. Jurek, Oppenheim & Associates, Houston, for appellant.

Darrin Walker, Chandler Law Offices, Lufkin, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

**OPINION**

DON BURGESS, Justice.

This appeal arises from a suit filed by Arturo Lozano against Brazos Transit Dis-

trict [1] (Brazos), Emmitt Davis, Jr., Christine Conn and Mary Battles for injuries sustained by Lozano as a bus passenger. Brazos filed a motion for summary judgment, which the trial court denied.[2] Brazos then filed this interlocutory appeal. Lozano filed a motion to dismiss the appeal on the grounds interlocutory appeal is not permitted in this case.[3] Lozano also seeks reasonable attorney fees and costs for the appeal pursuant to TEX.R.APP. P. 45, providing damages for frivolous appeals. Brazos contends the appeal is authorized pursuant to sections 54.014(a)(5) and (8) of the Texas Civil Practices and Remedies Code and is not frivolous. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5), (8) (Vernon Supp.2002).

Section (5) provides an interlocutory appeal from the denial of "a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." *Id.* Citing *Putthoff v. Ancrum*, 934 S.W.2d 164 (Tex. App.-Fort Worth 1996, writ denied), Brazos contends interlocutory review is available to both an individual official and his employer seeking summary judgment based upon official immunity. The court in *Putthoff* stated that under section (5)

"[i]nterlocutory review is available to both the individual and his employer seeking summary judgment based on the doctrine of official immunity." *Id.* at 166 n. 2. We do not disagree with *Putthoff* but fail to see its applicability to the present case wherein neither Davis nor Brazos sought summary judgment based on the doctrine of official immunity. Antithetically, the appellants in *Putthoff* alleged the defenses of official and sovereign immunity in their answers and filed motions for summary judgment based on their claims of immunity. *Id.* at 166.

More akin to this case is *City of Houston v. Kilburn*, 849 S.W.2d 810 (Tex.1993). The *Kilburn* court first observed the following: that section (5) provides an appeal if it is based on an assertion of qualified immunity; that a governmental entity may be held liable for the torts of its employees; that conversely if the employee is protected by qualified immunity, then so is the governmental entity; and "[t]o that extent, a claim of sovereign immunity may be 'based on' an individual's assertion of qualified immunity and therefore within the ambit of section 51.014(5)." *Id.* at 812. The court then noted the City's motion for summary judgment contended only that

1. Formerly Brazos Valley Community Action Agency d/b/a Brazos Transit System d/b/a Lufkin Transit System.

2. The trial court denied Brazos' motion for summary judgment after hearing argument on May 24, 2001. In its order of denial, the trial court noted "[t]he motion sought summary judgment on the basis that Brazos had conclusively established its affirmative defense of sovereign immunity because [Lozano] did not comply with the pre-suit notice provision.... Having considered the written and oral arguments of the parties and the evidence in the summary judgment record, the Court **Denies** the Motion for Summary Judgment on the basis that a genuine issue of material fact exists regarding whether Brazos had 'actual notice' pursuant to Texas Civil

Practice and Remedies Code Section 101.101(c)." At no time has Brazos contested that the order appealed from is the denial of a motion for summary judgment.

3. Lozano also claims that in the event Brazos' motion constitutes a plea to the jurisdiction, the appeal is moot because he has amended his petition to allege jurisdictional facts. Lozano's Fifth Amended Original Petition, attached to his motion to dismiss, is not part of the Clerk's Record and therefore not properly before this court. Accordingly, we could not dismiss the appeal as moot regardless of our characterization of Brazos' motion. We note that Brazos has not questioned the sufficiency of Lozano's pleadings, either before the trial court or this court.

the City was not liable because of *sovereign* immunity, and the City's employee never asserted the affirmative defense of qualified immunity nor filed his own motion for summary judgment on that defense. *Id.* The court then concluded that "under the procedural posture of this case, the City's attempt to appeal must fail." *Id.*

■ Brazos fails to discuss *Kilburn* and makes no claim that its employee, Emmitt Davis, Jr., is entitled to the affirmative defense of qualified immunity. No motion for summary judgment has been filed on Davis' part. Brazos asserted *sovereign* immunity on its behalf, and on behalf of Davis, claiming only that "[Brazos] is a governmental unit and [Davis] is an employee of a governmental unit and both are immune from liability under the doctrine of *sovereign* immunity." (Emphasis added). This cannot fairly be characterized as an assertion of qualified immunity. Brazos' attempt to appeal fails under section (5).

Section (8) provides an interlocutory appeal from the denial of a plea to the jurisdiction by a governmental unit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2002). Brazos first cites *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750 (Tex.App.-Austin 1998, no pet.), in stating the purpose of section (8) was to add to the list of orders eligible for interlocutory appeal. It is Brazos' contention that any motion based on sovereign immunity is "the type of case for which the statute was amended to included." *L.S. Ranch* involved a plea to the jurisdiction, not a motion for summary judgment. The issue was whether an interlocutory appeal could be brought from the denial of *any* plea to the jurisdiction, or only from the denial of a plea based on sovereign immunity. In deciding the statute permitted appeal from a plea regardless of its basis,

the court recognized "the literal terms" of the statute permitted it and refused to "add a restriction to the statute that the legislature did not provide." *Id.* at 752–53. In answering appellees' argument, the court observed legislative history provided the purpose of (8) was to add eligible orders and referenced sovereign immunity. *Id.* But as the court noted, these references demonstrate one basis for the statute, they did not evidence an intention to limit the statute to that basis alone. *Id.* Nothing in *L.S. Ranch* persuades this court that the legislature intended to permit an interlocutory appeal from the denial of *any* motion, so long as it was based on sovereign immunity. As *L.S. Ranch* clearly indicates, the legislature made a *plea to the jurisdiction* eligible for interlocutory appeal regardless of its basis, not because of it.

Brazos next cites *Bland Independent Sch. Dist. v. Blue,* 34 S.W.3d 547 (Tex. 2000), as permitting subject matter jurisdiction to be raised in a motion for summary judgment. In *Bland,* BISD filed a plea to the jurisdiction, asserting the Blues had no standing to sue and therefore the trial court lacked subject-matter jurisdiction over the action. *Id.* at 550. The court noted:

> Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case. The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment. BISD has raised its challenge by a plea to the jurisdiction.

*Id.* at 553–54.

We do not dispute that subject-matter jurisdiction may be raised by a motion for summary judgment instead of a plea to the jurisdiction. That is not the issue. The

issue is whether an interlocutory appeal is available to a governmental unit that files a motion for summary judgment rather than a plea to the jurisdiction. *Bland* does not speak to this question.

In section (8), the legislature expressly permitted appeal by a governmental unit from a particular procedural vehicle, and only that vehicle. The legislature did not authorize an interlocutory appeal by a governmental unit from the denial of any other order, irrespective of the grounds upon which it was sought. What Brazos seeks is a ruling from this court that section (8) permits an appeal from any procedural vehicle, so long as it is based on sovereign immunity. There is nothing in section (8) to support such an interpretation.

 Our opinion in *Lamar University v. Doe*, 971 S.W.2d 191, 194 (Tex.App.-Beaumont 1998, no pet.), is instructive. There, we concluded "that at the time the trial court denied Lamar University's motion for summary judgment, Lamar University[,] not having asserted the qualified immunity of its employees, was excluded from those exceptions provided under § 51.0[14](5)." We noted that Lamar "had no adequate interlocutory appellate remedy" after the denial of its motion for summary judgment and consequently, the appeal from the denial of Lamar's subsequent plea to the jurisdiction was properly before the court. The distinction between a motion for summary judgment and a plea to the jurisdiction is not merely semantics. "[T]he pleadings and legal effect of these motions are readily distinguishable as to purpose and effect." *Id.* at 194.[4] We adhere to the plain language of section (8) and hold Brazos has no right to appeal from the interlocutory order denying its motion for summary judgment.

Having found the interlocutory appeal is not authorized pursuant to section 51.014(a)(5) or (8), Lozano's motion to dismiss is granted. Accordingly, we do not address the merits of Brazos' appeal.

 Lozano further seeks damages for the filing of a frivolous appeal. *See* TEX. R.APP. P. 45. Although its appeal was unsuccessful, Brazos' arguments were not totally without support. This appeal does not present circumstances so egregious as to warrant imposition of sanctions. The motion is overruled.

APPEAL DISMISSED.

---

4. For example, a trial court deciding a plea to the jurisdiction may conduct an evidentiary hearing, whereas a trial court deciding a motion for summary judgment may not. *See Bland,* 34 S.W.3d at 555.