**Dr. Carrol THOMAS and Beaumont Independent School District, Appellants,**

**v.**

**Cynthia M. WHITE, as Parent and Next Friend of Gearrin M. White, Appellee.**

**No. 09–02–313 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 2, 2003.

Decided March 20, 2003.

S. Scott Boyd, Melody G. Thomas, Wells, Peyton, Greenberg & Hunt, LLP, Beaumont, for appellants.

B. Adjei, Beaumont, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Cynthia M. White enrolled her child, Gearrin M. White, in Amelia Elementary School and its after school daycare program. On the first day, she arrived at school at approximately 4:30 p.m. to pick up Gearrin and was informed by the principal that Gearrin had walked off the school campus and had been retrieved from a street corner by a teacher after a citizen had called the school. White sued

Beaumont Independent School District ("BISD"), alleging that the district failed to adequately supervise Gearrin during the after school daycare period; she also sued the Superintendent, Dr. Carrol Thomas, individually and in his official capacity, alleging that Thomas "failed and ignored to take the appropriate actions to resolve this matter." Thomas and BISD filed a motion for summary judgment on the grounds of sovereign immunity. The trial court denied the motion, and the defendants appealed pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (Vernon Supp. 2003)("A person may appeal from an interlocutory order of a district court ... that ... denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state....").

▮ As a government employee asserting immunity, Thomas may appeal the denial of his motion for summary judgment. *See City of Cockrell Hill v. Johnson*, 48 S.W.3d 887, 892 (Tex.App.-Fort Worth 2001, pet. denied)("The application of section 51.014(a)(5) does not depend on whether a person is sued in his individual or official capacity."); *see also Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997)(The denial of a claim under an immunity statute may be appealed under Section 51.014(a)(5)). For BISD to pursue an interlocutory appeal under Section 51.014(a)(5), the motion for summary judgment must have been based upon an assertion of immunity by its employee. *City of*

*Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex.1993); *Brazos Transit Dist. v. Lozano*, 72 S.W.3d 442, 444 (Tex.App.-Beaumont 2002, no pet.). That may be accomplished, as it was noted in *Kilburn* and in *Brazos*, through the state's derivative assertion of the employee's qualified or official immunity. *Id.* We also have jurisdiction over the government's appeal when the individual employee, such as Dr. Thomas, asserts and appeals any claim of immunity.[1] *See Garza v. Morales*, 923 S.W.2d 800, 801–02 (Tex.App.-Corpus Christi 1996, no writ)(City could appeal where individual employee raised judicial and official immunity); *Village of Bayou Vista v. Glaskox*, 899 S.W.2d 826, 828–30 (Tex.App.-Houston [14th Dist.] 1995, no writ)(City could appeal where individual employee raised government immunity and qualified immunity).

▮ The appellants argue that White filed a tort suit for which the government's sovereign immunity has not been waived. Unless waived, sovereign immunity protects the State and its subdivisions from both suit and liability for damages. *Texas Dep't of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Without the State's express consent to the suit, the trial court lacks subject matter jurisdiction to hear the suit. *Id.; see also Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 405 (Tex.1997). A defendant is entitled to summary judgment on an affirmative defense, such as sovereign immunity, if he conclusively establishes all of the elements of the affirmative defense. *Fos-*

---

1. In *Brazos*, we were not presented with an appeal by an individual who is an officer or employee of the governmental unit. We construed *Kilburn* as a limitation of the "assertion of immunity" clause in Section 51.014(a)(5). *See Brazos*, 72 S.W.3d at 444. Actually, *Kilburn* expansively construed the term "person" to include the government employing the individual. *Kilburn*, 849 S.W.2d at 812. The statute does not limit the type of immunity claim that may be brought by the individual. For example, in *Newman*, 960 S.W.2d at 622, the Texas Supreme Court interpreted Section 51.014(a)(5) as permitting an appeal of immunity conferred by statute. To the extent that our rationale in *Brazos* is inconsistent with our application of the law in this case, this opinion controls.

*ter v. Denton Indep. School Dist.,* 73 S.W.3d 454, 459 (Tex.App.-Fort Worth 2002, no pet.).

■ The plaintiff's original petition articulates her cause of action, as follows:

Defendant, BEAUMONT INDEPENDENT SCHOOL DISTRICT, carelessly and negligently failed to adequately supervise GEARRIN M. WHITE during the after school day care period. The incident made the basis of this lawsuit and damages sustained by Plaintiff were all approximately caused by the negligence of Defendants for which Defendants are liable to Plaintiff. Further, DR. CARROL THOMAS, Individually and as Superintendent of BEAUMONT INDEPENDENT SCHOOL DISTRICT by his actions failed and ignored to take the appropriate actions to resolve this matter.

It is the position of Plaintiff that all of the actions of Defendants were the sole and proximate cause of her injuries. Further, Defendants actions or omissions were other than what a reasonable and prudent person would be doing, or done under the same or similar circumstances. Plaintiff, by her actions, did not cause or contribute in any manner to cause the incident made the basis of this cause of action.

As articulated in her petition, the cause of action is for the tort of negligence arising from inadequate supervision. The allegations against Thomas relate to his failure to act in his official capacity as superintendent. BISD's status as a governmental unit and Thomas's status as an employee of the district were established by an affidavit attached to the motion for summary judgment. Although the Tort Claims Act is not the only statute through which the State has waived its sovereign immunity, White limits her pleadings and arguments to the Act and does not identify any other grounds upon which she is prosecuting her suit. The State has waived its sovereign immunity in tort actions to the extent set forth in the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.001 *et seq.* (Vernon 1997 & Supp.2003) ("the Act"). Under the Act, a school district is only liable for injuries arising from the operation or use of a motor vehicle. Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021; 101.051 (Vernon 1997). The appellee's pleadings clearly cannot comprise a claim for personal injury arising from the operation or use of a motor-driven vehicle.

■ In her response to the motion for summary judgment, White identified the following fact issues:

1. Whether Plaintiff was misinformed and misled by Defendants following the incident which is made the basis of this cause of action?

2. Whether Defendants intentionally ignored and refused to cooperate with Plaintiff following the incident which is made the basis of this cause of action?

3. Whether the actions of Defendants caused Plaintiff to incur costs and medical expenses on behalf of her son?

4. Whether Defendants complied with their own policy in their handling of the incident which is made the basis of this cause of action?

None of the issues identified by the appellee in her response to the motion for summary judgment relate to the waiver of sovereign immunity. On appeal, she argues for the first time that "her son wondering [sic] around Major and College Street at 4:30 p.m. constituted an emergency situation" under Section 101.055 of the Act. Tex. Civ. Prac. & Rem.Code Ann. § 101.055 (Vernon 1997). If applicable, the emergency function exception would be an additional ground for summary judgment, not a bar to it. *See id.*

■ The appellee's brief also presents an argument that the intentional tort exception does not apply to a claim if the government employee's negligent conduct is the subject of the complaint. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.057(2) (Vernon 1997). In the case to which she refers, *Delaney v. University of Houston,* 835 S.W.2d 56, 59 (Tex.1992), the court held that a suit by a rape victim against the University for failing to repair the lock to her dormitory did not arise out of an intentional tort. Section 101.057(2) does not apply in this case because White did not allege the commission of an intentional tort by an employee of BISD. The inapplicability of an irrelevant exclusion under the Act does not render BISD and its superintendent liable for a tort claim that does not fall within the statutory waiver of sovereign immunity in the Act.

■ The motion for summary judgment states, "Because defendants are a school district and an employee sued in his capacity as superintendent of said school district, they are immune from claims of negligence." The motion does not address the claims against Thomas in his individual capacity. Although it asserts he acted in the course of his employment, it does not contain an affidavit by Thomas that establishes that his actions, or more properly, omissions, were discretionary acts performed in good faith. *Compare City of Lancaster v. Chambers,* 883 S.W.2d 650, 653–54 (Tex.1994). Therefore, the motion for summary judgment does not establish the defense of official immunity from the claims asserted against Thomas in his individual capacity.

We sustain in part the issue presented in the appellants' brief. To the extent White asserted claims against BISD and Thomas in his official capacity, White failed to assert a claim for which sovereign immunity is waived. The trial court erred in denying the motion for summary judgment that sought a summary judgment for BISD and Thomas in his official capacity. The judgment of the trial court is reversed, and judgment is rendered dismissing the claims of Cynthia M. White, as parent and next friend of Gearrin M. White, against Beaumont Independent School District and Dr. Carrol Thomas in his official capacity as Superintendent of Beaumont Independent School District. Because Thomas did not establish the good faith and discretionary act elements of official immunity as grounds for summary judgment, to the extent any of White's claims are against Thomas in his individual capacity, those claims are remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND RENDERED IN PART; CAUSE REMANDED.

DON BURGESS, Justice, filed a dissenting and concurring opinion.

DON BURGESS, Justice, dissenting and concurring.

I respectfully dissent, but necessarily concur with the partial remand.

The defendants' joint motion for summary judgment alleged, "Because defendants are a school district and an employee sued in his capacity as superintendent of said school district, they are immune from claims of negligence." The motion for summary judgment is based upon an assertion of sovereign immunity by the governmental unit and by Thomas in his official capacity. The defendants also raised sovereign immunity as an affirmative defense in their answer, but they did not file a plea to the jurisdiction. A plea to the jurisdiction is not required to preserve sovereign immunity as a defense, but it is the order denying such a plea for which interlocutory appeal may be had on the

issue of sovereign immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2003).

The appellants' notice of appeal specifies that the appeal is brought pursuant to Section 51.014(a)(5) of the Civil Practice and Remedies Code. I continue to believe our prior determination, in *Brazos Transit Dist. v. Lozano,* 72 S.W.3d 442, 444 (Tex. App.-Beaumont 2002, no pet.) [1], based upon *Houston v. Kilburn,* 849 S.W.2d 810 (Tex.1993), that this section permits only an interlocutory appeal from the denial of a motion for summary judgment that asserts a claim of qualified or official immunity, not a claim of sovereign immunity by a governmental unit, was correct.

Because the appellants neither sought summary judgment on a matter that is appealable under Section 51.014(a)(5), nor filed a plea to the jurisdiction, the denial of which would be appealable under Section 51.014(a)(8), the order denying the appellants' motion for summary judgment is not subject to review on interlocutory appeal. Having determined that our appellate jurisdiction has not been invoked I would dismiss the entire appeal for want of jurisdiction. Because my result would, in effect, remand the entire case, I necessarily concur in the majority's partial remand.

---

**1.** The majority relies upon a footnote to "overrule" Brazos.