**VILLAGE OF BAYOU VISTA and John Allen, Appellants,**

**v.**

**Carlos GLASKOX, Appellee.**

**No. 14–94–00629–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 1, 1995.

Sarah V. Kerrigan, Harvey G. Brown, Jr., Houston, for appellants.

Robert D. Clements, Jr., Michael Ladon Blakeney, Alvin, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

This is an appeal from the denial of a motion for summary judgment. Carlos Glaskox filed a defamation action against appellants, Village of Bayou Vista and John Allen. Appellants filed a motion for summary judgment which the trial court denied. Appellants appeal bringing two points of error arguing the motion for summary judgment should have been granted. We reverse and render.

John Allen is an Alderman for the Village. Off and on from 1990 until mid–1992, Glaskox was a peace officer for the Village. In August, he requested to be reinstated as a non-salaried police officer. His reinstatement was placed on the agenda to be discussed at the September 1, 1992, Board of Aldermen meeting. Approximately one week prior to the meeting, Allen received information that Glaskox either had been arrested or had a

warrant out for his arrest in Grimes County. To verify the claim, Allen contacted the Grimes County sheriff. The sheriff informed Allen that Glaskox had a warrant out for his arrest and an attorney appeared on his behalf and posted bond. The sheriff sent Allen a copy of the complaint and warrant. The complaint alleged that Glaskox criminally trespassed onto private property when serving a civil litigant in Grimes County. During the Board meeting, Allen allegedly stated that Glaskox:

1. had been arrested and was "out on bond;"

2. was "under indictment;"

3. was "being investigated by the state;" and

4. was "in the process of losing his license to be a police officer."

Glaskox conceded that there had been a warrant out for his arrest in Grimes County and that a bond had been issued on his behalf. He contended, however, that these matters were resolved before the September 1 meeting.

Glaskox brought this defamation action based on the indicated statements. Allen and the Village moved for summary judgment asserting governmental immunity, absolute privilege, and qualified official immunity. The trial court denied the motion and Allen and the Village appealed bringing two points error. We will first address whether this interlocutory appeal is properly before this court.

■ Generally, we may only hear appeals from final judgments. Civil practice and remedy code section 51.014(5) allows "a person" to appeal an interlocutory order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1995); *see also City of Houston v. Kilburn,* 849 S.W.2d 810, 811 (Tex.1993) (per curiam); *Brooks v. Scherler,* 859 S.W.2d 586, 588 (Tex.App.—

Houston [14th Dist.] 1993, no writ). This provision, by its terms, limits our review to only immunity claims. We may not consider other defenses raised in a motion for summary judgment. *Brooks,* 859 S.W.2d at 588. While section 51.014 does not define "person," the "term encompasses governments and governmental subdivisions" at least to the "extent, a claim of sovereign immunity may be 'based on' an individual's assertion of" immunity under section 51.014(5). *Kilburn,* 849 S.W.2d at 811–12.[1] Accordingly, both Allen and the Village are properly before this court to have their claims of immunity reviewed.

■ In each of their points of error, appellants argue the trial court erred in not granting their motion for summary judgment. The standard of review to be followed in a summary judgment is well established. The movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movant and any doubts are resolved in his favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Karl v. Oaks Minor Emergency Clinic,* 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied). When a summary judgment does not specify the grounds upon which it was granted, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

■ In their first point of error, appellants claim Allen is immune from liability because his statements were made in the course of a quasi-judicial proceeding. For over half a century it has been a well-settled principle of law that any written or oral

---

1. In *Kilburn,* the supreme court reversed a decision of this court dismissing an appeal by the City of Houston. *See City of Houston v. Kilburn,* 838 S.W.2d 344 (Tex.App.—Houston [14th Dist.] 1992).

communication in the due course of a judicial proceeding is absolutely privileged. *James v. Brown*, 637 S.W.2d 914, 916 (Tex.1982); *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942). The privilege extends to statements made by the judge, jurors, counsel, parties or witnesses, and it attaches to all aspects of the proceedings. *James*, 637 S.W.2d at 916. This same rule applies to quasi-judicial proceedings. *Lane v. Port Terminal R.R. Ass'n*, 821 S.W.2d 623, 625 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Thus, communications made in the due course of a quasi-judicial proceeding cannot serve as the basis of a civil action for defamation, regardless of the negligence or malice with which they were made. *Id.; Martinez v. Hardy*, 864 S.W.2d 767, 773 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 143 (Tex. App.—Corpus Christi 1986, writ denied) (op. on reh'g) (citing *Reagan*, 166 S.W.2d at 912).

██ The First Court of Appeals described the nature and incidences of a quasi-judicial proceeding in *Parker v. Holbrook*, 647 S.W.2d 692 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.):

A quasi-judicial power has been described as the power or duty to investigate and to draw conclusions from such investigation. At least six powers have been delineated as comprising the judicial function and would be indicative of whether a commission was acting in a quasi-judicial, or merely an administrative, capacity:

1) the power to exercise judgment and discretion;

2) the power to hear and determine or to ascertain facts and decide;

3) the power to make binding orders and judgments;

4) the power to affect the personal or property rights of private persons;

5) the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and

6) the power to enforce decisions or impose penalties.

*Id.* at 695; *Jacobs*, 736 S.W.2d at 144 (citations omitted). In *Jacobs*, the court of appeals determined a Board of Aldermen has all of the enumerated powers above except the power to compel the attendance of witnesses. On that basis, the court held that a city manager had an absolute privilege for statements and writings presented to the board. These statements were the result of his investigation and evaluations of an employee who was eventually fired as a result of the board's decision at the meeting. *Jacobs*, 736 S.W.2d at 144.

Glaskox attempts to distinguish *Jacobs* by arguing that it related to a proceeding before the executive committee of the Board of Aldermen. The court's opinion does not place any reliance on the type of meeting implicated. *See Id.* Neither have we been able to locate any case which supports the proposition that statements and discussions in a small, private, closed meeting are immune to a slander action while statements in a large, public, open, meeting are subject to slander liability. *See, e.g., Martinez*, 864 S.W.2d at 773 (defamation action barred by immunity for statements during an employee grievance committee meeting); *Lane*, 821 S.W.2d at 625 (statements before National Railroad Labor Board, Special Board of Adjustment were immune from libel and slander action).

In addition, the interpretation proposed by Glaskox is contrary to the purpose of judicial immunity. "[T]he administration of justice requires full and free disclosure from witnesses unhampered by fear of retaliatory lawsuits." *Bird v. W.C.W.*, 868 S.W.2d 767, 772 (Tex.1994). The immunity is provided "on the theory that the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury which may result to a particular individual." *Id.* at 771. One of the results of providing this immunity is that individual citizens may suffer harm. *Id.; Martinez*, 864 S.W.2d at 773. Thus, in an effort to promote the judicial truth finding process, witnesses and other participants are provided immunity. *See James*, 637 S.W.2d at 917. Inherent in the process, is the understanding that some persons will be subjected to open and public harm. Similarly, persons in a quasi-judicial proceeding may be subjected to open and public harm. Accord-

ingly, we reject Glaskox's contention and, like the Corpus Christi court, find this board of alderman meeting to be a quasi-judicial proceeding which is subject to an absolute privilege for statements made during the Board meeting.

■ Having found that the Board meeting was a quasi-judicial proceeding, the remaining question is whether Allen was acting within the due course of the proceeding. There is no question that Allen was an alderman at the time the statements were made. There is also no question that, Allen made several damaging comments during the Board meeting. These statements called into question Glaskox's fitness to be a police officer in Bayou Vista. However, these statements were made during a regularly scheduled Board meeting. As indicated above, the meeting was a quasi-judicial proceeding. Thus, the statements made *during the meeting* were clearly absolutely privileged.

■ Glaskox argues, however, that Allen repeated the allegations after the meeting. He filed an affidavit in support of his response to the motion for summary judgment which claimed that "after [the Board meeting] Allen, in the presence of other aldermen, citizens and reporters," again made the damaging comments indicated above. Appellants objected to Glaskox's statement as not being based on personal knowledge. Glaskox's affidavit does not allege or in any way indicate that he had personal knowledge of the facts it contained. Affidavits in support of a summary judgment must be based on personal knowledge. TEX.R.CIV.P. 166a(f). In addition, Glaskox's original petition only alleged that he was defamed by statements *during the meeting* without any indication that additional statements were made after the meeting.[2] Finally, in his deposition Glaskox stated that he left the meeting before it was

over. We find that based on the summary judgment proof, Glaskox did not present facts showing that he had personal knowledge of the facts contained in his affidavit. His affidavit, therefore, is incompetent summary judgment evidence and does not raise a fact issue on whether Allen repeated his statements after the meeting was over. *See Brooks,* 859 S.W.2d at 589. Allen has demonstrated both of the elements of absolute quasi-judicial immunity. Appellants' first point of error is sustained.

■ In their second point of error, appellants claim the Village is also entitled to summary judgment in its favor because it is immune from liability under the Texas Tort Claims Act.[3] This court has previously held that if an employee is protected from liability under the doctrine of official immunity, then the governmental entity's sovereign immunity remains intact as a matter of law. *Harris County v. DeWitt,* 880 S.W.2d 99, 101 (Tex. App.—Houston [14th Dist.] 1994, writ granted) (en banc) (op. on reh'g); *City of Houston v. Newsom,* 858 S.W.2d 14, 19 (Tex.App.—Houston [14th Dist.] 1993, no writ). Further, the Supreme Court has addressed the relationship between official and sovereign immunity under the Texas Torts Claim Act in *Kilburn.* There, the court stated:

> a governmental entity may be held liable for the torts of its employees if, among other things, the employee would be personally liable to the claimant according to Texas law. Conversely, if the employee is protected from liability under the doctrine of qualified immunity, then the governmental entity's sovereign immunity remains intact.

*Id.* at 812 (citations omitted).

Being bound by precedent, we hold that the trial court's denial of sovereign immunity was error.[4] We sustain appellants' second point of error.

---

2. Glaskox attached to his original petition three affidavits of individuals present at the Board meeting. Each of these affidavits only indicated that the statements were made during the meeting.

3. TEX.CIV.PRAC. & REM.CODE ANN. § 101 *et. seq.* (Vernon 1986).

4. In *DeWitt,* Chief Justice Brown filed a dissenting opinion in which Justices Ellis and Lee joined. Even under the logic of the dissent, the Village is entitled to summary judgment. Section 101.021 of the Tort Claims Act provides the instances in which a governmental unit has waived its sovereign immunity. Neither of the subsections to section 101.021 apply to the facts

The trial court erred in denying appellants' motion for summary judgment. We reverse and render judgment in favor of the Village and Allen that appellee, Glaskox, take nothing.

of this case. Specifically, this is not a suit 1) arising out of use or operation of a motor vehicle, or 2) caused by a "condition or use of tangible personal or real property." Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon Supp.1995); *cf. Harris County v. DeWitt*, 880 S.W.2d 99 (Tex. App.—Houston [14th Dist.] 1994, writ granted) (en banc) (op. on reh'g). *See also University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175 (Tex.1994); *Jefferson County v. Sterk*, 830 S.W.2d 260 (Tex.App.—Beaumont 1992, writ denied).