Gilbert GARZA, Individually and in His
Capacity as Weslaco Municipal Judge
and the City of Weslaco, Appellants,

v.

Jesse MORALES, Appellee.

No. 13–95–419–CV.

Court of Appeals of Texas,
Corpus Christi.

May 16, 1996.

Charles Willette, Jr., Lisa M. Mount, Eileen Leeds, Willette & Aguilar, Brownsville, for appellants.

David Garcia, Edinburg, for appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

This is an interlocutory appeal from the trial court's denial of summary judgment based on appellants' claims of official immunity, judicial immunity, and sovereign immunity. We reverse and render.

Jesse Morales sued the City of Weslaco and Gilbert Garza, individually and in his capacity as Weslaco Municipal Judge, for slander and interference with prospective contracts. Specifically, Morales alleged that Garza, while acting in his capacity as Municipal Judge, discouraged Ariceli Hernandez from using Morales as a bail bondsman to secure the release of certain members of her family. Garza allegedly "launched into a loud, vicious and slanderous tirade, freely punctuated with profanity. Whereupon he made it very clear that said Defendant Garza did not approve of Plaintiff Morales. Furthermore, that Defendant Garza would refer Ms. Hernandez to another bondsman, and that using the services of Jesse Morales would jeopardize her family members' freedom. In that Defendant Garza would use his influence and position as Municipal Judge to insure that Ms. Hernandez's family members would not obtain release on bond."

Garza and the City of Weslaco answered and raised the defenses of sovereign immunity, qualified immunity, and judicial immunity. They further moved for summary judgment, claiming that Garza is entitled to judicial and official immunity because the actions for which he is being sued were performed while he was acting in good faith within his official capacity as Municipal Judge. Weslaco likewise asserted that it is derivatively entitled to sovereign immunity from liability for Garza's actions. Appellants attached Judge Garza's affidavit to their motion for summary judgment, by which Judge Garza related the incident with Ms. Hernandez referred to in the plaintiff's petition. Garza received two telephone calls from Hernandez at 1:00 a.m. and 2:30 a.m. in the early morning hours of February 13, 1989, asking that he set bail for her family members. Garza told Hernandez that he could not help her until 9:00 a.m., at which time he set bail for her family. Garza denied making any slanderous or defamatory remarks about Morales to Hernandez, asserted that his conversations with her were made in his official capacity as a Municipal Judge, and claimed that he was acting in good faith in his discussions with Hernandez about bail bonds.

The trial court denied the motion for summary judgment, from which Garza and the City of Weslaco have brought the present interlocutory appeal. Garza and Weslaco raise four points of error. By their second point of error, appellants complain that Garza is entitled to absolute judicial immunity for any comments he allegedly made about Morales, and by their third point, that Weslaco is entitled to sovereign immunity based on Garza's immunity from suit.

■ Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985). Appeal is statutorily authorized from an interlocutory order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex.Civ.Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1996).

■ Accordingly, appeal from the present denial of summary judgment on Garza's claims of judicial immunity as a municipal judge is authorized under section 15.014(5). In addition, to the extent that Weslaco's claim of sovereign immunity is based on, or derivative of, its official's immunity from suit, i.e., Garza's judicial immunity as a municipal

judge, the city also may appeal denial of summary judgment under section 51.014(5). *See City of Houston v. Kilburn,* 849 S.W.2d 810, 811–12 (Tex.1993) (per curiam); *Cameron County v. Alvarado,* 900 S.W.2d 874, 878 (Tex.App.—Corpus Christi 1995, writ dism'd w.o.j.); *Village of Bayou Vista v. Glaskox,* 899 S.W.2d 826, 828–30 (Tex.App.—Houston [14th Dist.] 1995, no writ).

■ With regard to the doctrine of judicial immunity, Texas follows the same principles set out by the United States Supreme Court in *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), that absolute immunity extends to all judicial acts unless such acts fall clearly outside the judge's subject-matter jurisdiction. *See Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423 (1961); *Bradt v. West,* 892 S.W.2d 56, 66 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Spencer v. City of Seagoville,* 700 S.W.2d 953, 957–58 (Tex.App.—Dallas 1985, no writ).[1] Immunity applies even when the judge is accused of acting corruptly or maliciously.[2] *McDuffie v. Blassingame,* 883 S.W.2d 329, 334 (Tex.App.—Amarillo 1994, writ denied); *Spencer,* 700 S.W.2d at 957–58.

Absolute privilege is founded on the theory that the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury which may result to a particular individual. It protects the public interest by shielding responsible government officials against harassment and inevitable hazards of vindictive or ill-founded damage suits brought on account of actions taken in the exercise of their official responsibilities, even though, at times, it may result in individual citizens suffering pecuniary loss as a result of oppressive or malicious actions by government officials. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Bradt,* 892 S.W.2d at 69; *Town of South Padre Island v. Jacobs,* 736 S.W.2d 134, 143 (Tex.App.—Corpus Christi 1986, writ denied).

■ The factors we consider in determining whether a judge's act is a "judicial" one are (1) whether the act complained of is one normally performed by a judge, (2) whether the act occurred in the courtroom or an appropriate adjunct such as the judge's chambers, (3) whether the controversy centered around a case pending before the judge, and (4) whether the act arose out of a visit to the judge in his judicial capacity. *Bradt,* 892 S.W.2d at 67; *see also McAlester v. Brown,* 469 F.2d 1280, 1282 (5th Cir.1972).

■ In addition, in determining whether an act was clearly outside a judge's jurisdiction for judicial immunity purposes, the focus is not on whether the judge's specific act was proper or improper, but on whether the judge had the jurisdiction necessary to perform an act of that kind in the case. *Bradt,* 892 S.W.2d at 68.

■ Specifically with regard to communications made by or to a judge, any written or oral communication in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for defamation, even if the communication was uttered with malice or was irrelevant to the issues involved in the case. *James v. Brown,* 637 S.W.2d 914, 916 (Tex.1982); *Reagan v. Guardian Life Ins. Co.,* 140 Tex. 105, 166 S.W.2d 909, 912 (1942); *Glaskox,* 899 S.W.2d at 828–29; *Jacobs,* 736 S.W.2d at 143. The privilege applies to statements made by the judge, jurors, counsel, parties or witnesses, and it attaches to all aspects of the proceedings. *James,* 637 S.W.2d at 916; *Glaskox,* 899 S.W.2d at 828–29. The privilege further extends to out-of-court communications which bear some relationship to the proceeding. *Hill v. Herald–Post Pub. Co.,* 877 S.W.2d 774, 782 (Tex. App.—El Paso), *rev'd on other grounds,* 891 S.W.2d 638 (Tex.1994).

---

1. Judicial immunity has been specifically applied to protect a municipal judge for actions taken in his official capacity pursuant to the normal course of operation in the municipal court. *See Spencer,* 700 S.W.2d at 958.

2. This is not to say that judges are "above the law." Relief from a pernicious judge lies in the ballot box, the State Commission on Judicial Conduct (*See* Rules for Removal or Retirement of Judges), and the court of public opinion. It is not, however, the proper subject of a suit for damages.

In particular, the federal courts have applied the same general principles of judicial immunity to protect a judge from liability for any comments, or even malicious criticism, made while acting in his judicial capacity. *See Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir.1994) (criticism of court employee in courtroom); *Partington v. Gedan*, 961 F.2d 852, 866 (9th Cir.1992) (letter to attorney concerning disciplinary proceeding which contained erroneous information); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir.1991) (derogatory comments made to criminal defendant at sentencing); *see also* 48A C.J.S. *Judges* § 89 (immunity includes defamatory statements uttered in the course of performing judicial duties).

■ In the present case, it is clear from Morales' petition that Hernandez contacted Garza in his capacity as a municipal judge with regard to the matter of setting bail on her relatives. The setting of bail is clearly a judicial function. The Texas Code of Criminal Procedure provides for the arresting officer to take the arrested person before a magistrate in order, among other things, to "admit the person arrested to bail if allowed by law." Tex.Code Crim.Proc.Ann. art. 15.17(a) (Vernon 1996). Moreover, "magistrates" are defined under the Code of Criminal Procedure to include "the judges of the municipal courts of incorporated cities or towns." Tex.Code Crim.Proc.Ann. art. 2.09 (Vernon 1996).

Though she contacted him after business hours, it is clear that Hernandez spoke to Garza for the purpose of persuading him to perform the judicial function of setting bail on persons who could be brought before him for that purpose in his capacity as a municipal judge. Accordingly, Garza's comments to Hernandez concerning bail, even if they bitterly attacked Morales, were made in his judicial capacity and are entitled to judicial immunity. We sustain appellants' second and third points of error.[3]

We REVERSE the order of the trial court denying summary judgment and hereby RENDER a take-nothing summary judgment in favor of Garza and the City of Wes-laco on the grounds of judicial and sovereign immunity.

---

3. We need not address appellants' remaining points of error. *See* Tex.R.App.P. 90(a).