Charlotte J. PATRICK and Vanessa
L. Simmons, Appellants,

v.

Leonard McGOWAN, Appellee.

No. 06–02–00025–CV.

Court of Appeals of Texas,
Texarkana.

Submitted March 7, 2003.

Decided April 4, 2003.

Randal C. Shaffer, Mateer & Shaffer, Dallas, for appellants.

Gerald V. Bright, David L. Craft, Walker, Bright & Lewis, PC, Dallas, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Charlotte J. Patrick (Patrick) and Vanessa L. Simmons (Simmons), Appellants, appeal the trial court's award of summary judgment in favor of the Defendant–Appellee, Leonard McGowan (McGowan). Patrick and Simmons sued McGowan, their former supervisor, for intentional infliction of emotional distress and defamation per se. McGowan filed a motion for summary judgment and written objections to plaintiffs' summary judgment evidence. The trial court sustained McGowan's objections to plaintiffs' sum-

mary judgment evidence and granted summary judgment in favor of McGowan.

Patrick and Simmons were employed by McKinney Housing Authority (MHA) until their terminations on January 21, 1998. McGowan was their supervisor at MHA. Patrick and Simmons assert that they were harassed by McGowan from approximately September 1995 until their termination. After Patrick and Simmons reported McGowan's inappropriate behavior, MHA and McGowan began investigating them. This investigation ended with Patrick and Simmons being terminated.

According to Patrick and Simmons, after they were terminated, McGowan defamed them by making statements that they had committed fraud, lied, and committed other unspecified crimes. Appellants filed suit against MHA and McGowan in Dallas County, and the case was later transferred to Collin County. MHA filed a plea to the jurisdiction, which was granted on December 20, 2000. The trial court severed the claims against MHA from the claims against McGowan.

A summary judgment is proper for a defendant only if the defendant establishes that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's claims and that it is entitled to a judgment as a matter of law. Tex.R. Civ. P. 166a(c); *see Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). The movant has the burden of proof, and all doubts are resolved in favor of the nonmovant. *Roskey v. Tex. Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982). The reviewing court will take all evidence favorable to the nonmovant as true, *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986), and will indulge every reasonable inference and resolve any reasonable doubt in the nonmovant's favor. *Cont'l Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988).

■ Patrick and Simmons claim the trial court erred in sustaining McGowan's objections to their summary judgment evidence. We review rulings concerning the exclusion of summary judgment evidence under an abuse of discretion standard. *See City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995). To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that the error probably caused the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1); *see Alvarado,* 897 S.W.2d at 753–54.

The trial court specifically sustained McGowan's objections to the following:

(1) Plaintiff Simmons's statement in her deposition that McGowan made an "allegation that [Simmons] committed fraud in reference to the housing program."

(2) Statements allegedly made to unnamed employees of the Manor House Apartments.

(3) Statements that Simmons committed fraud at the McKinney Housing Authority (MHA) that are "still going on to the present."

(4) Statements allegedly made to employees of MHA, specifically including, but not limited to, Eula Upson.

(5) Statements allegedly made to employees of Patrick's prospective employers, and/or reasons Patrick was not hired.

(6) Statements allegedly made to the Texas Workforce Commission.

(7) Statements allegedly made to employees of Simmons's prospective employers.

(8) Statements allegedly made to Eula Upson regarding the arrest of Plaintiffs.

(9) Statements allegedly made to former coworkers of Patrick.

222

McGowan argued to the trial court that Appellants' summary judgment evidence was wholly based on hearsay, speculation, and without personal knowledge; therefore, the evidence would not have been admissible. TEX.R. CIV. P. 166a. To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, setting forth such facts as would be admissible in evidence, and must affirmatively show that the affiant is competent to testify to matters stated therein. TEX.R. CIV. P. 166a(f); *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996); *Alejandro v. Bell,* 84 S.W.3d 383, 388 (Tex. App.-Corpus Christi 2002, no pet. h.).

■ We will address each of the Appellants' particular facts separately after discussing the relevant law. Appellants argue that their summary judgment evidence should not have been struck. Patrick and Simmons argue that portions of the summary judgment evidence are not inadmissible hearsay because the testimony was not offered for the truth of the matter asserted, but rather to refute McGowan's motion for summary judgment based on the statute of limitations. Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. TEX.R. EVID. 801(d). Evidence of an out-of-court statement is hearsay only if it is introduced to prove the truth of the matter asserted. *Busse v. Pac. Cattle Feeding Fund # 1, Ltd.,* 896 S.W.2d 807, 816 (Tex. App.-Texarkana 1995, writ denied).

McGowan's first ground for summary judgment was based on the statute of limitations. McGowan further asserts that Section 101.106 of the Texas Tort Claims Act bars this suit. That section reads as follows:

A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the em-

ployee of the governmental unit whose act or omission gave rise to the claim. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997). McGowan argues the above provision bars plaintiffs' claims due to the court's previous ruling regarding jurisdiction as to MHA.

Patrick and Simmons argue their evidence was intended to refute McGowan's statute of limitations arguments. Therefore, it is argued, the statements made in deposition were to be used solely for timing purposes, in an attempt to negate McGowan's claim of limitations; these statements were not offered for the truth of the matter asserted.

■ The first portion of the summary judgment evidence the trial court struck was Simmons's statement at deposition that McGowan made an allegation that she "committed fraud in reference to the housing program." The attorney asked Simmons, "In this lawsuit, are you complaining about actions taken or words spoken or anything done by Leonard McGowan after January 21st, 1999?" Simmons responded, "Yes," and elaborated with the above statement concerning alleged fraud. This statement was attempted to be used for the purpose of establishing evidence with reference to the time the alleged actions occurred, and not for the truth of the statement. However, Texas Rule of Evidence 602 requires all testimony to be based on personal knowledge. TEX.R. EVID. 602. Patrick stated that McGowan had said something about her after January 21, 1999, but also admitted she had not seen or had any conversation with McGowan after January 21, 1998.

In *Stephens v. Delhi Gas Pipeline Corp.,* 924 S.W.2d 765 (Tex.App.-Texarkana 1996, no writ), this Court has discussed this issue in a very similar case. In *Stephens,* the plaintiff alleged that his former em-

ployer defamed him when its managers in discussing his termination were "accusing me of theft" and an unnamed person told him a foreman said he was "fired because [employer] considered him a thief." *Id.* This Court found that the plaintiff had not clearly indicated whether plaintiff had firsthand knowledge of what was said. These statements were found to be incompetent for summary judgment purposes as not based on personal knowledge and were inadmissible in evidence. *Id.* In the present case, there is no evidence that establishes Patrick had any personal knowledge of the alleged statements made by McGowan; thus, the trial court properly sustained the objection to the testimony. *See, e.g., Vill. of Bayou Vista v. Glaskox,* 899 S.W.2d 826, 830 (Tex.App.-Houston [14th Dist.] 1995, no writ).

■ The trial court also struck portions of the summary judgment evidence concerning statements allegedly made by McGowan to unnamed employees of Manor House Apartments, Simmons's subsequent employer. It is argued this evidence was produced only to refute the limitations argument in the motion for summary judgment. Simmons testified that, sometime in 2000, she applied for a manager position at Manor House Apartments. She received the position, but was allegedly terminated after Manor House received a negative verbal response from her previous employment (allegedly McGowan). Simmons testified that she began working at Manor House in August of 2000, and worked there only two days, after the response from McGowan. This testimony was properly excluded because it does not clearly establish the identity of this "previous employer" that allegedly made these statements. Even if McGowan was clearly identified, this type of information is also generally privileged. A former employer's statements about a former employee made to a prospective employer fall within the qualified privilege that protects communications made in good faith on a subject matter in which the author has a common interest with the other person, or with reference to which he has a duty to communicate to the other person. *Smith v. Holley,* 827 S.W.2d 433, 436 (Tex.App.-San Antonio 1992, writ denied). Furthermore, there is also no evidence that Patrick had any personal knowledge of these alleged defamatory statements; thus, her testimony was not admissible.

■ The third portion of the summary judgment evidence that was excluded was Simmons's testimony that defamation was "still going on to present," concerning the allegation that she committed fraud. The attorney asked Simmons in deposition if this alleged defamation occurred on January 21, 1998. Simmons responded that it was "still going on to present." The attorney responded, "[S]omeone is saying that you've been terminated for fraud?" And Simmons replied, "Yes." When asked who made that statement, Simmons replied, "Everybody in the community. . . ." Once again, no one was clearly identified as making such statements, and it did not show that the witness had personal knowledge of this statement or merely an understanding of what was said. *Stephens,* 924 S.W.2d at 769.

■ The trial court also struck the summary judgment evidence of statements allegedly made by McGowan to employees of MHA, including, but not limited to, Eula Upson. This testimony was raised in Patrick's deposition in response to the question, "Do you know whether or not Mr. McGowan has made any comments or statements about you since you left on January 20th, 1998?" Patrick responded, "Yes." At that point Patrick elaborated that Upson, who at that time was an employee of McGowan, told her that every

Monday McGowan would make it a point to ask about Patrick. Upson worked at MHA until the year 2000. Patrick further elaborated that Upson told her that McGowan stated that she (Patrick) was going to the "penitentiary." All of these comments were made some time after January 1998. Because Upson was an employee of McGowan, information concerning Patrick would not be grounds for a defamation action because, while there is publication, statements made to other employees are generally privileged unless they are made with malice. *See id.* at 769. Furthermore, Patrick had no personal knowledge that McGowan made such statement. Thus, the trial court properly sustained the objection to the testimony.

The trial court also struck evidence regarding statements allegedly made to employees of Patrick's prospective employer. Patrick testified that, after January 1998, McGowan spoke to a potential employer. After going through two interviews, Patrick was told that, when they "verified [her] previous employer" and found out she was in litigation, she was not hired. The potential employer was given this information by McGowan. This does not present evidence of defamation.

The trial court struck summary judgment evidence of statements allegedly made to the Texas Workforce Commission. Simmons testified that, in April of 1998 during the Workforce Commission telephone hearing, slanderous remarks were made by McGowan. It is unclear from the record if Simmons had personal knowledge of these statements. Those statements, made by McGowan, would not be admitted as evidence of defamation, even if Simmons did have personal knowledge of the statements, because they are protected by the qualified privilege concerning a former's employer's statements about a former employee made in good faith where the other person (the Workforce Commission) has a common interest. *See Holley,* 827 S.W.2d at 436.

Appellants contend the trial court erred in granting summary judgment to McGowan because the claims of defamation and intentional infliction of emotional distress are within the appropriate statute of limitations and offers deposition testimony to defeat McGowan's motion for summary judgment.

A suit for defamation must be brought no later than one year after the cause of action accrues. TEX. CIV. PRAC. & REM.CODE ANN. § 16.02 (Vernon 2002). The only evidence submitted on this issue was properly struck by the trial court and, thus, is not competent evidence. The trial court properly granted McGowan's motion for summary judgment for Appellant's defamation claim based on the statute of limitations. This point of error is overruled.

Appellants also argue that the claim for intentional infliction of emotional distress was within the appropriate statute of limitations. The statute of limitations for intentional infliction of emotional distress is two years. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 2002). We have held that the only evidence submitted was properly struck. The trial court properly granted summary judgment in favor of McGowan based on limitations. This point of error is overruled.

As we have found that the trial court correctly granted summary judgment for defendant on the above grounds, we need not address the remaining issue as to whether the trial court correctly granted summary judgment based on Section 101.106 of the Texas Tort Claim Act. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106.

We affirm the judgment.