NUMBER 13-05-027-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

MARIO LINAN,                                                                                 Appellant,

 

                                                             v.                                

 

STRAFCO, INC., D/B/A 

CARQUEST AUTO PARTS,                                                    Appellee.

 

                             On
appeal from the 197th District Court 

of Cameron County, Texas.

 

 

                               MEMORANDUM
OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza  

                        Memorandum
Opinion by Justice Rodriguez

 








This is a defamation action.  Appellant, Mario Linan, sued appellee,
Strafco, Inc., d/b/a Carquest Auto Parts, his former employer, alleging several
causes of action, including defamation. 
Without specifying the grounds on which it relied, the trial court
granted appellee's motion for summary judgment on all claims.  Appellant appeals the summary judgment only
as to the defamation claim.  By two
issues, appellant contends that the trial court erred in granting appellee's
summary judgment motion because (1) the judicial privilege was waived and (2) a
fact question precludes the application of the qualified privilege.  We affirm.

I.  Standard
of Review








Because the propriety of a summary judgment is a
question of law, we review the granting of a traditional motion for summary
judgment de novo.  Branton v. Wood,
100 S.W.3d 645, 646 (Tex. App.BCorpus Christi 2003, no pet.) (citing Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank
Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.BCorpus Christi 2000, pet. denied)).  To prevail on a traditional motion for summary
judgment, the moving party has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995) (per curiam).  Only when the movant
meets this burden does the burden shift to the nonmovant to raise a genuine
issue of material fact.  See M.D.
Anderson Hosp. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979).  A traditional summary judgment is
proper if the movant conclusively disproves at least one element of each of the
plaintiff's causes of action or conclusively establishes each element of an
affirmative defense to each of the plaintiff's claims.  Velsicol Chem. Corp. v. Winograd, 956
S.W.2d 529, 530 (Tex. 1997) (per curiam); Cathey, 900 S.W.2d at 341. 
"Privilege" is an affirmative defense.  See Denton Publ'g Co. v. Boyd, 460
S.W.2d 881, 884 (Tex. 1970).  The
nonmovant has no burden to respond to a traditional motion for summary judgment
unless the movant conclusively establishes its cause of action or defense.  Willrich, 28 S.W.3d at 23.[1]

In reviewing a traditional summary judgment Aall evidence is to be construed in favor of the
nonmovant, to whom every reasonable inference is allowed and on whose behalf
all doubts are resolved.@  Alvarez
v. Anesthesiology Associates, 967 S.W.2d 871, 874 (Tex. App.BCorpus Christi 1998, no pet.); see Cathey, 900 S.W.2d at 341.  In determining whether
there is a genuine issue of material fact, evidence favorable to the nonmovant
is taken as true, and all reasonable inferences and doubts are resolved in
favor of the nonmovant.  Branton,
100 S.W.3d at 646.  When, as in this case, a trial court's order
granting summary judgment does not state the grounds upon which it was granted,
the judgment must be affirmed if any of the grounds advanced in the summary
judgment motion are meritorious.  Id.
at 647 (citing Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989)).

II.  Texas Workforce Commission Record

By his first issue,
appellant contends that the judicial privilege afforded to records of the Texas
Workforce Commission has been waived.

 








A.  Judicial Privilege

Texas recognizes an
absolute privilege in both judicial and quasi-judicial proceedings,
"meaning that any statement made in the trial of any case, by anyone,
cannot constitute the basis for a defamation action, or any other action."  Hernandez v. Hayes, 931 S.W.2d 648, 650
(Tex. App.BSan Antonio 1996, writ
denied) (citing Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 111, 166
S.W.2d 909, 912 (Tex. 1942); James v. Brown, 637 S.W.2d 914, 916 (Tex.
1982) (per curiam)); see Bird v. W.C.W., 868 S.W.2d 767, 771-72 (Tex.
1994).  "Quasi-judicial"
proceedings include proceedings before the Texas Workforce Commission (formerly
known as the Texas Employment Commission). 
Hardwick v. Houston Lighting & Power Co., 881 S.W.2d 195, 198
(Tex. App.BCorpus Christi 1994,
writ denied w.o.j.); see Patrick v. McGowan, 104 S.W.3d 219, 224
(Tex. App.BTexarkana 2003, no
pet.); see also Alejandro v. Bell, 84 S.W.3d 383, 391 (Tex. App.BCorpus Christi 2002,
no pet.); Wal-Mart Stores, Inc. v. Lane, 31 S.W.3d 282, 290 (Tex. App.BCorpus Christi 2000,
pet. denied).  A privilege applies to all
causes of action asserted by a plaintiff if the statement was made in the
course of a judicial or quasi-judicial proceeding.  Hernandez, 931 S.W.2d at 654; see
Rose v. First Am. Title Ins. Co. of Tex., 907 S.W.2d 639, 643 (Tex. App.BCorpus Christi 1996,
no writ) (applying privilege to claim for intentional infliction of emotional
distress).  As noted by the Hernandez
Court,

Where there is an
absolute privilege, no action in damages for language, oral or written, will
lie, "and this is true even though the language is false and uttered or
published with express malice."  In
this respect, an absolute privilege is tantamount to immunity.

 








Hernandez, 931 S.W.2d at 650
(citations omitted).  In addition, the
privilege "attaches to all aspects of proceedings; including statements
made in open court, judicial hearings, depositions, affidavits and any pleading
or other papers in the case."  Rose,
907 S.W.2d at 641.

Nonetheless,

[t]he privilege
accorded a litigant which exempts him from liability for damages caused by
false charges made in his pleadings, or in the court in the course of a
judicial proceeding, cannot be enlarged into a license to go out in the
community and make false and slanderous charges against his court adversary and
escape liability for damages caused by such charges on the ground that he had
made similar charges in his court pleadings.

 

Alaniz v. Hoyt, 105 S.W.3d 330, 343
(Tex. App.BCorpus Christi 2003,
no pet.).  Thus, this judicial privilege
is waived if the same statements are made outside of the scope of the judicial
proceeding.  James, 637 S.W.2d at
916-17; Pisharodi v. Barrash, 116 S.W.3d 858, 864 (Tex. App.BCorpus Christi 2003,
pet. denied).

B.  Analysis

After being terminated
appellant alleges that he published, to several prospective employers, a Texas
Workforce Commission record that shows "theft" as the reason for his
termination.  Appellant asserts he did so
in an attempt to explain the circumstances of his being fired.  While there is no dispute that a judicial
privilege applies to the record at issue and that it was pled by appellee as an
affirmative defense and as a ground for its traditional summary judgment,
appellant claims that his "foreseeable self-publication" of the
record to prospective employers outside the scope of the privilege should waive
appellee's judicial privilege.








As authority for this
contention, appellant refers us to First State Bank of Corpus Christi v. Ake,
606 S.W.2d 696, 701-02 (Tex. Civ. App.BCorpus Christi 1980,
writ ref'd n.r.e.) (setting out that in a defamation claim the requirement of
publication can be met by self-publication when repetition is
foreseeable).  In Ake, the
plaintiff ex-bank president voluntarily disclosed to prospective employers
information regarding a fidelity bond claim signed and sworn to by the
defendant bank.  Id. at 698,
701.  Ake, however, did not
involve a judicial or quasi-judicial proceeding.  It did not involve an absolute privilege
related to such a proceeding.  Thus,
appellant's reliance on Ake is misplaced.

This Court has
recognized that an "absolute privilege is lost if the holder of the
privilege repeats the statements outside the protected context within which
the statements originally were made." 
Alaniz, 105 S.W.3d at 341 (emphasis added); Pisharodi, 116
S.W.3d at 864 ("Although libelous statements made in connection to a
judicial proceeding are absolutely privileged, re‑publication of such
statements [by the defendants] outside of the judicial context waives the
privilege.").  In the present case,
however, the holder of the privilege is appellee while it is appellant who
repeated the statement outside the quasi-judicial context.  Thus, like Ake, this line of authority
provides no support for appellant's contention.








Appellant provides us
with no authority to support his contention, and we find none.  Moreover, under the facts of this case, we
decline to extend waiver of the absolute privilege to instances where the
allegedly defamed person self-publishes the complained of material outside the
judicial context.  To do so would be to
make the judicial privilege meaningless because every adjudicated employment
dispute involving allegedly wrongful employee conduct would become the basis
for self-publication which would, in turn, waive the other litigant's absolute
privilege.

Assuming without
determining the Texas Workforce Commission report contained a defamatory
statement, we conclude that appellee's undisputed judicial privilege was not
waived.  The trial court did not err in
granting appellee summary judgment on this basis.  We overrule appellant's first issue.

III.  Defamatory Facts or Opinion








By his second issue,
appellant complains of statements made by Dale Walker, appellee's director of
security, to Roger Pritt, the vice president of appellee's retail stores, the
person who made the decision to fire appellant. 
Appellant asserts that Walker repeated statements from earlier reports
knowing that they were false, thus precluding the application of a qualified
privilege.[2]  Appellant contends that the trial court erred
in granting summary judgment because a fact question remains about whether
Walker's statements were made with knowledge of their falsity.  Appellee asserts, however, that the complained-of
statements were not defamatory facts but 
rather were opinions expressed by Walker.  Therefore, before addressing whether a fact
question exists regarding a qualified privilege, we must first determine
whether the complained-of statements were defamatory facts or opinion.

A.  The Law








To maintain a
defamation cause of action, the plaintiff must prove the defendant (1)
published a statement, (2) that was defamatory as to the plaintiff, (3) while
acting with actual malice or negligence regarding the truth of the
statement.  See WFFA TV Inc. v.
McLemore, 978 S.W.2d 568, 571 (Tex. 1998). 
In Texas, however, a statement that may be false, abusive, unpleasant,
or objectionable to the plaintiff may not be defamatory in light of the
surrounding circumstances.  Columbia
Valley Regional Medical Center v. Bannert, 112 S.W.3d 193, 198 (Tex. App.BCorpus Christi 2003,
no pet.); see Musser v. Smith Protective Servs., 723 S.W.2d 653, 655
(Tex. 1987).  The First Amendment to the
United States Constitution and article 1, section 8 of the Texas Constitution
protect expressions of opinion.  Bannert,
112 S.W.3d at 198. Thus, a plaintiff must prove that the statements contained
false, defamatory facts rather than opinions or characterizations.  Id. (citing A.H. Belo Corp. v.
Rayzor, 644 S.W.2d 71, 79 (Tex. App.BFort Worth 1982, writ
ref'd n.r.e.)).  The threshold
determination of whether a statement is an opinion or an assertion of fact is a
question of law.  Id.; Carr,
776 S.W.2d at 570.  The court must
construe the statement at issue as a whole, in light of surrounding
circumstances based upon how a person of ordinary intelligence would perceive
the entire statement.  Bannert,
112 S.W.3d  at 198 (citing Turner v.
KTRK Television, Inc., 38 S.W.3d 103, 114 (Tex. 2000)); see Musser,
723 S.W.2d at 655.

B.  Analysis

Appellant appears to
be complaining of the following statements contained in one of two memoranda
dated May 11, 1994 and November 13, 2001, respectively, that Walker allegedly
repeated to Pritt during the month preceding appellant's termination:

[From the 1994
memorandum, Walker writes,] I feel that Mario is the cause of the cash problems
at this store.  I feel his involvement
with this girlfriend has created cash expenditures out of the ordinary for
Mario which he cannot pay for out of his personal funds.   Therefore the only source of funds available
to Mario is this company's funds which he has already admitted to taking
advantage of; and

 

[from the 2001
memorandum,] Mr. Jasso advised on Monday night, November 13, 2001, [h]e had a
three way telephone conversation with Mario Linan, himself and David O'choa. .
. .  Mr. Jasso advised that they all
agreed that Mr. O'choa would effect a cash refund from Mr. Navarrette then
travel to San Benito and pick up another motor of the same kind.  Mario Linan, manager of store #44, was part
of this agreement. . . .  Mr. Jasso admitted
that he was not going to bill Mr. O'choa for the motor.  He was in fact going to let store #44 sustain
the cost of the motor.  When this plan
failed a secondary plan to obtain the motor was put into play.  The secondary plan was to have Mr. O'choa obtain
a refund then pick up another motor from San Benito.  This would have resulted in the same scenario
of store #44 paying for the motor and Mr. O'choa never paying for the
motor.  The secondary plan was concocted
with the knowledge and consent of Mario Linan . . . during the three-way telephone
conversation.  This puts Mario Linan
directly in a conspiracy to steal from this Company as well as [in] violat[tion
of] a number of procedures and policies.

 

* * * * *

 








It is my suspicion and
belief that Mario Linan was involved in the attempted theft of the motor going
to Mr. O'choa. . . .[3] 

 

Appellee asserts on
appeal, as it did in its traditional motion for summary judgment, that Walker's
statements could not support appellant's defamation claim because the
statements were nothing but an expression of his opinion made only to
Pritt.  We agree.  Construing the statements at issue as a
whole, in light of surrounding circumstances, and basing the construction upon
how a person of ordinary intelligence would perceive the entire communication
to Pritt, we conclude the complained-of statements, while arguably being
"false, abusive, unpleasant, or objectionable" to appellant, were
Walker's opinions and characterizations and, thus, were not defamatory.  See Bannert, 112 S.W.3d at 198; see
also Musser, 723 S.W.2d at 654.  Walker,
as appellant's director of security, was reporting the results of his
investigations to his superior.  Walker's
internal memoranda and alleged comments included criticisms, suspicions,
beliefs, and opinions based on the investigations.








A review of the
statements from the 1994 memorandum in light of the entire document reveals
that Walker was reporting on his investigation of "problems with the
store,"  including cash problems of
which appellant was aware and concerns about allowing an unauthorized person to
close the store on Saturdays and the effect appellant's personal relationship
with a woman who worked nearby was having on appellant's fellow workers.  The facts regarding these concerns were not
disputed by appellant.  Walker expressed
his opinion that he felt appellant caused the cash problems by taking advantage
of the funds when cash expenditures out of the ordinary occurred due to the
complained-of relationship.  It was
Walker's opinion that appellant's attitude regarding these "problems"
affected his job performance and that appellant may not be able to adjust his
attitude to conform to company policy.

In Walker's 2001
memorandum, written in connection with the investigation of a motor, Walker
expressed his opinions about appellant's deficiencies as a store manager and
his suspicions about appellant's involvement in a plan for someone to obtain a
motor without paying for it.  It also
expresses the loyalty appellant extended to his employees and his frustration
with Walker's criticisms.  Walker's
statement that he believed appellant was involved in the theft of the motor is
not an accusation, but rather his expression of his opinion or suspicion
following his investigation.

Therefore, looking at
the surrounding circumstances, we cannot conclude the statements were
defamatory facts.  Rather they were
opinions that are not actionable in this instance.  A person of ordinary intelligence could not
reasonably understand the complained-of statements to have a defamatory
meaning.  See Bannert, 112 S.W.3d
at 199-200; Musser, 723 S.W.2d at 655. 
Thus, the trial court did not err in granting appellee summary judgment
on that basis.








Having concluded the
statements were not defamatory, we need not reach appellant's qualified privilege
contention.  See Branton, 100
S.W.3d at 647; see also Tex. R.
App. P. 47.1.  We overrule
appellant's second issue.

IV.  Conclusion

The judgment of the
trial court is affirmed.                                                                

NELDA V. RODRIGUEZ

Justice

 

Memorandum Opinion delivered and 

filed this 29th day of June, 2006.

 

 

 

 

 

 

 











[1]A hybrid motion for summary
judgment, as in this case, includes traditional and no‑evidence summary judgment
arguments.  See Young Ref. Corp. v.
Pennzoil Co., 46 S.W.3d 380, 385 (Tex. App.‑Houston [1st Dist.] 2001,
pet. denied).  Because we based the
disposition of this appeal on traditional summary judgment grounds, we need not
address appellant's no-evidence summary judgment.  See Branton v. Wood, 100 S.W.3d
645, 647 (Tex. App.BCorpus Christi 2003, no pet.); see
also Tex. R. App. P. 47.1.

 





[2]           An
employer has a conditional or qualified privilege that attaches to
communications made in the course of an investigation following a report of
employee wrongdoing.  The privilege
remains intact as long as communications pass only to persons having an
interest or duty in the matter to which the communications relate.  Proof that a statement was motivated by
actual malice existing at the time of publication defeats the privilege.  In the defamation context, a statement is
made with actual malice when the statement is made with knowledge of its
falsity or with reckless disregard as to its truth.  To invoke the privilege on summary judgment,
an employer must conclusively establish that the allegedly defamatory statement
was made with an absence of malice.

 

Randall's Food Mkts. v. Johnson, 891 S.W.2d 640, 646 (Tex. 1995)
(citations omitted); TRT Development Co.-KC v. Meyers, 15 S.W.3d 281,
286 (Tex. App.BCorpus Christi 2000, no pet.)
(providing that allegedly slanderous statements are conditionally privileged
when "made in good faith on any subject matter in which the author has an
interest, or with reference to which he has a duty to perform to another person
having a corresponding interest or duty.").





[3]Not specifically identified in his
brief, but also included in the 2001 memorandum is the following
statement:  

 

My actions in this matter were strictly limited to the issue of
determining who was involved in this attempt to steal the motor from the
Company.  I think from reading the
sequence of events only one conclusion can be derived from these facts.  Refugio Jasso was attempting to obtain a
motor for his friend at the expense of [appellee] and Mario Linan was willingly
participating in this scheme.