

# NUMBER 13-21-00037-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHNNY PARTAIN,                                                      Appellant,

v.

JUDGE ALEX GABERT,                                                  Appellee.

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Appellant Johnny Partain appeals the trial court's granting of appellee, the

Honorable Judge Alex Gabert's, plea to the jurisdiction. We affirm.

### I.    BACKGROUND

Partain has been litigating against his former business partner, James Maples, for

over twenty years.[1] On June 3, 2013, Partain filed a lawsuit against fifteen defendants regarding the enforcement of orders surrounding that business litigation.[2] Among those defendants was Judge Gabert, the former presiding judge of the 229th District Court. In his first amended petition, Partain complained about the Fifth Administrative District's assignment of Judge Gabert to one of the civil cases he filed against Maples in 2011. In that case, Judge Gabert rendered a judgment against Partain—an order this court later vacated on appeal in *Partain v. Maples*, 438 S.W.3d 69 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.).

Although Partain's first amended petition alleged sixteen causes of action, only two specific claims were directed toward Judge Gabert: (1) an alleged violation of Partain's Fourteenth Amendment right to due process pursuant to 42 U.S.C. § 1983, and (2) a claim of bank fraud or bribery, also under 42 U.S.C. § 1983. Judge Gabert filed an answer, and later a first amended answer which included the affirmative defenses of judicial immunity, qualified immunity, official immunity, and sovereign immunity. Judge Gabert then filed a plea to the jurisdiction wherein he further articulated his judicial immunity and sovereign immunity defenses.

The trial court held a hearing on Judge Gabert's plea to the jurisdiction on

---

[1] *See Partain v. Maples*, 438 S.W.3d 69 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.); *see also Partain v. Maples*, No. 13-11-00289-CV, 2012 WL 29258 (Tex. App.—Corpus Christi—Edinburg Jan. 5, 2012, no pet.) (mem. op.); *Maples v. Partain*, No. 13-05-318-CV, 2005 WL 3216645 (Tex. App.—Corpus Christi–Edinburg Dec. 1, 2005, no pet.) (mem. op.).

[2] On May 27, 2021, this court dismissed the following appeals which arose from the same trial court cause of action, C-0929-12-F, for want of prosecution because Partain failed to pay filing fees: (1) No. 13-21-00038-CV, *Johnny Partain v. Compass Bank*; (2) No. 13-21-00039-CV, *Johnny Partain v. J. E. Eddie Guerra, Carlos Gonzalez, Homer Jasso Sr., Rene Guerra, Rodolfo Gonzalez, Sergio Valdez, Guadalupe Trevino, and County of Hidalgo*; (3) No. 13-21-00040-CV, *Johnny Partain v. Judge Manuel Banales*; (4) No. 13-21-00041-CV, *Johnny Partain v. Judge Robert Blackmon*; (5) No. 13-21-00042-CV, *Johnny Partain v. State of Texas*; (6) No. 13-21-00043-CV, *Johnny Partain v. McAllen Police Chief Victor Rodriguez, In His Official And Individual Capacities, and The City of McAllen*; and (7) No. 13-21-00044-CV, *Johnny Partain v. Fire Insurance Exchange*.

September 22, 2015, and granted the plea on November 3, 2015. In its order, the trial court dismissed all claims against Judge Gabert with prejudice. Partain appealed after the trial court dismissed the last of the defendants from his suit.[3]

## II.    JUDICIAL IMMUNITY

Because the issue of immunity is dispositive, we address it first.[4] Partain argues that the trial court abused its discretion when it granted Judge Gabert's motion for summary judgment. We interpret this as a challenge to the trial court's granting of Judge Gabert's plea to the jurisdiction on judicial immunity.

### A.    Standard of Review & Applicable Law

"Sovereign immunity encompasses both immunity from suit and immunity from liability." *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 121 (Tex. 2015) (internal citation omitted). "Immunity from liability is an affirmative defense that bars enforcement of a judgment against a governmental entity, while immunity from suit bars suit against the entity altogether and may be raised in a plea to the jurisdiction." *Id*. (citing *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009).

Judicial immunity is "absolute immunity from liability for judicial acts performed within the scope of jurisdiction." *Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002).

---

[3] A review of the record shows that the defendants were either dismissed through orders granting motions for summary judgment or orders granting pleas to the jurisdiction. None of the other defendants are parties to this appeal.

[4] Partain also asserted a takings claim in his appellate brief, arguing that he was "not compensated for the taking, use, and destruction of his property." However, based on his pleadings, it does not appear that Partain alleged the takings claim against Judge Gabert in his first amended petition. Thus, the trial court did not rule on this claim, and it is not properly before us. "Addressing matters not specifically presented to the trial court usurps the trial court's authority to evaluate and rule on issues before it and denies the appellate court the benefit of the trial court's decision." *Daughety v. Nat'l Ass'n of Homebuilders of U.S.*, 970 S.W.2d 178, 182 (Tex. App.—Dallas 1998, no pet.); *see State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 382 (Tex. 1993) (Phillips, C.J., concurring) (holding that justice is "best served by affording the trial court the first opportunity for review and decision.").

Regarding judicial immunity, Texas follows the same principles set forth by the United States Supreme Court in *Stump v. Sparkman*, 435 U.S. 349 (1978): absolute immunity extends to all judicial acts unless such acts fall clearly outside the judge's subject matter jurisdiction as defined in this context. *See Garza v. Morales*, 923 S.W.2d 800, 802 (Tex. App.—Corpus Christi–Edinburg 1998, no writ). Absolute judicial immunity is an essential shield in a justice system that depends on its judges to "exercise their functions with independence and without fear of consequences." *Thomas v. Sams*, 734 F.2d 185, 189 (5th Cir. 1984) (citing *Pierson v. Ray*, 386 U.S.547, 554 (1967)). "Immunity applies even when the judge is accused of acting corruptly or maliciously." *Garza*, 923 S.W.2d at 802.

There are only two circumstances when judicial immunity can be overcome: (1) when the judge's actions were non-judicial in nature or (2) when the actions were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The factors courts consider when determining whether a judge's act was "judicial" are whether: (1) the act complained of is one normally performed by a judge; (2) the act occurred in the courtroom or a similar location such as the judge's chambers; (3) the controversy centered around a case pending before the judge; and (4) the act arose out of a visit to the judge in his or her judicial capacity. *See Garza*, 923 S.W.2d at 802.

**B.    Analysis**

First, we look to whether Judge Gabert's action—signing an order rendering judgment against Partain in the 2011 litigation—was judicial in nature. *See id*. The act Partain complains of was one normally performed by a judge, occurred in a courtroom, centered on a case pending before the judge, and arose from a proceeding before the judge in his judicial capacity. *Id*. Accordingly, we hold that Judge Gabert's act in the 2011

4

litigation was judicial in nature. *See id*. Second, we also hold that Judge Gabert acted within his jurisdiction. In the context of judicial immunity, "absence of jurisdiction" hinges on whether the judge had jurisdiction to perform an act of that type. *See Bradt v. West*, 892 S.W.2d 56, 67–68 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Judge Gabert had jurisdiction to issue final judgments for civil cases generally. *See id*. The fact that this Court later vacated the judgment has no bearing on the analysis of jurisdiction. *See Partain*, 438 S.W.3d at 69. "The term 'jurisdiction' has a connotation in judicial immunity analyses that is entirely different from its usual meaning." *Bradt*, 892 S.W.2d at 67. "In determining whether an act was clearly outside a judge's jurisdiction for judicial immunity purposes, the focus is not on whether the judge's specific act was proper or improper, but on whether the judge had the jurisdiction necessary to perform an act of that kind in the case." *Id*. at 68.

Because Judge Gabert's act of rendering judgment in a civil case was judicial in nature and within his jurisdiction in the context of judicial immunity jurisprudence, we hold the trial court did not abuse its discretion when it granted Judge Gabert's plea to the jurisdiction. We need not address the other grounds for immunity asserted by Judge Gabert in his plea to the jurisdiction. *See* TEX. R. APP. P. 47.1. We overrule this issue.

### III.    CONCLUSION[5]

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
26th day of August, 2021.

---

[5] Partain's Motion to Reconsolidate, filed on March 17, 2021, is hereby denied. Partain's Motion to Transfer to the Fourteenth Court of Appeals or Texas Supreme Court, also filed on March 17, 2021, is also denied.

5