**Kenneth BROOKS, Jean Swartz, Ron Tardy, and Mary Boozier, Appellants,**

**v.**

**Paul Raymond SCHERLER, Appellee.**

No. C14–92–00819–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1993.

Rehearing Denied Sept. 2, 1993.

Mark Thompson, Houston, for appellants.

Eric C. Hixon, Walter B. Wright, Steven E. Blythe, Cynthia J. Cline, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

CANNON, Justice.

This is an appeal from the denial of a summary judgment. City of Houston employees, Kenneth Brooks, Jean Swartz, Ron Tardy, and Mary Boozier (collectively the "Harassed") reported various incidents of sexual harassment by co-employee Paul R. Scherler. Scherler sued the Harassed for defamation, intentional infliction of emotional distress, and tortious interference with his employment contract. The Harassed moved for summary judgment based on defenses of official (qualified) immunity, absolute and qualified privilege, truth, limitations, and legal justification. The trial court denied the motion, and the Harassed appeal. We reverse and render.

The Harassed and Scherler were City of Houston employees working at Houston Hobby Airport. The Harassed and three other City employees complained to City management of various acts of sexual harassment allegedly committed by Scherler over a number of years. The City's affirmative action division and legal department investigated the allegations and found them to be true. Scherler was indefinitely suspended. Scherler appealed to the Texas civil service commission which also found the charges to be true. Scherler was terminated. Scherler sued his accusers, complaining that they had made false allegations to the City, co-workers, and the general public.

In point of error one, the Harassed complain that the trial court erred in denying their motion for summary judgment. In point two, they challenge the form and admissibility of Scherler's summary judgment proof.

The Harassed argue (1) that there were no genuine issues of material fact regarding the truth of their allegations against Scherler, (2) that they were entitled to official (qualified) immunity, (3) that their actions were privileged or barred by limitations, and (4) that they could not, as a matter of law, have interfered with Scherler's contract of employment with the City. We resolve this appeal on the truth of the allegations and qualified immunity.

In our review of a summary judgment, we apply the following criteria: (1) The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law; (2) In deciding if there are unresolved fact issues, evidence favorable to the non-movant is taken as true; and (3) Every reasonable factual inference favorable to the non-movant is accepted and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Property Management, Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

The Harassed appeal the denial of their motion for summary judgment under authority of TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1993), which states:

> A person may appeal from an interlocutory order of a district court, county court at law, or county court that ... denies a motion for summary judgment that is based on an assertion of immunity

by an individual who is an officer or *employee of* the state or *a political subdivision of the state.*

*Id.* (emphasis added).

Ordinarily, we have no jurisdiction to review the denial of a summary judgment. However, § 51.014(5) authorizes our interlocutory review of the denial of the Harassed' motion for summary judgment, but only on grounds of immunity. *Boozier v. Hambrick,* 846 S.W.2d 593, 596 (Tex. App.—Houston [1st Dist.] 1993, no writ). We are not at liberty to consider the other defenses asserted by the Harassed. *Id.*

Therefore, the sole question for review is whether the Harassed proved that there were no genuine issues of material fact and that they were entitled to qualified immunity as a matter of law.

■ As a threshold matter, Scherler contends that the Harassed have no standing to sue under § 51.014(5) because he sued them in their individual, not official, capacities. Also, he maintains that they lack standing because their acts were "unofficial" and outside the course and scope of their employment. But the application of § 51.014(5) does not depend on whether an employee is sued in his individual or official capacity. *Id.* And whether the actions of the Harassed were official or unofficial or within the scope of employment were issues on appeal, not threshold requirements for standing to appeal. *Id.*

The Harassed' summary judgment proof was in proper form and extensive. It included (1) affidavits by the Harassed and other persons allegedly harassed by Scherler, (2) affidavits by persons to whom the Harassed reported, (3) affidavits by the City and Aviation Department personal directors and the director of the City's affirmative action division, (4) and reports of the evidentiary hearings conducted by the affirmative action division and civil service commission.

■ A government official or employee, who is sued in his individual capacity is immune from suit and liability if (1) his status or action can be classified as quasi-judicial, (2) he acted in good faith, and (3)

his actions were within the scope of his authority. *See Chapman v. Gonzales,* 824 S.W.2d 685, 687 (Tex.App.—Houston [14th Dist.] 1992, writ denied). This immunity is based on the sound public policy which encourages public officers and employees to perform their duties without fear of personal liability. *Id.*

■ The test for determining whether an official or employee acts in a quasi-judicial capacity centers on whether his acts are ministerial (no immunity) or discretionary (immunity). *See Esparza v. Diaz,* 802 S.W.2d 772, 779 (Tex.App.—Houston [14th Dist.] 1990, no writ). Discretionary actions are those that require personal deliberation, decision and judgment. Ministerial actions require obedience to order or the performance of a duty as to which the actor is left no choice. *Wyse v. Department of Pub. Safety,* 733 S.W.2d 224, 227 (Tex.App.—Waco 1986, writ ref'd n.r.e.).

■ It was undisputed that the Harassed were all government employees working for the City. The summary judgment proof established that the City had instituted a sexual harassment program, consistent with federal and state law, that required the participation of all employees. *See* Tex.Rev.Civ.Stat.Ann. art. 5221k, § 1.01 *et seq.* (Vernon 1987 and Supp.1993) (Commission of Human Rights Act) *and* 42 U.S.C. § 2000e *et seq.* (West Supp.1990) (Title VII of the Civil Rights Act of 1964, as amended). All employees were charged with discretion to determine when an act of sexual harassment had occurred and whether or not to report it for corrective/disciplinary action. The effectiveness of the program depended on the ability of the employees to exercise that discretion free of worry about resulting litigation. We find that the summary judgment proof establishes that the actions of the Harassed in reporting incidents of sexual harassment were discretionary, not ministerial. The first element of qualified immunity is established.

We also find that the summary evidence proves that the reports of sexual harassment by the Harassed were made in the course and scope of their employment and

the City's sexual harassment program. Moreover, we find that consultations with co-workers and family were ancillary and incidental to the Harassed' participation in the City's sexual harassment program and exercise of their reporting discretion. The second element of qualified immunity is proven.

Finally, the summary proof establishes that the Harassed reported the incidents of sexual harassment in good faith. The summary proof detailed the allegations against Scherler, and both the affirmative action division's evidentiary hearing report and the report of the appeal to the civil service commission concluded that the Harassed' allegations were true. Affidavits by personal directors and the affirmative action director established that the Harassed' reporting was part of a City-administered sexual harassment program that complied with federal and state law guidelines.

In their brief, the Harassed detailed the allegations against Scherler with references to the record. In his brief, Scherler did not challenge the Harassed' version of the facts. Therefore, the Harassed' version of the facts and their allegations are deemed true. TEX.R.APP.P. 74(f).

Furthermore, Scherler's summary judgment proof was defective in form and/or inadmissible. The Harassed properly and specifically objected to Scherler's summary judgment proof, preserved error when the trial court failed to rule on their objections, and brought forward their complaints on appeal as point of error two.

 Most of Scherler's affidavits were not properly authenticated due to defective or missing jurats. A polygraph report was inadmissible because it was hearsay and had not been properly authenticated as a business record. What properly submitted affidavits there were did not demonstrate that the affiants had any personal knowledge of facts to support their subjective and conclusory opinions. The affidavits did not even name the employees or subordinates to whom the affiants referred. Subjective opinions and conclusions are not competent summary judgment evidence. *Inwood Forest Community Improvement*

*Ass'n v. R.J.S. Dev. Co.*, 630 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1982, no writ). We find that Scherler did not raise a fact issue on the truth of the Harassed' allegations and consequently did not raise a fact issue on the Harassed' good faith. The final element of qualified immunity is demonstrated.

In sum, we find that (1) there were no genuine issues of material fact, and (2) the Harassed satisfied all requirements for official (qualified) immunity as a matter of law. We sustain points one and two.

We reverse the trial court's denial of the Harassed' motion for summary judgment and render judgment in favor of the Harassed.

BOWERS, J., not participating.