

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00034-CV

**KIDRON VESTAL,**

                                                            **Appellant**

 **v.**

**EFSTRATIOS PISTIKOPOULOS,**

                                                            **Appellee**

From the 361st District Court
Brazos County, Texas
Trial Court No. 15-002915-CV-361

### No. 10-16-00035-CV

### IN RE KIDRON VESTAL

Original Proceeding

## MEMORANDUM  OPINION

This case involves pre-suit depositions under Texas Rule of Civil Procedure 202.

*See* TEX. R. CIV. P. 202.  In her interlocutory appeal in appellate cause number 10-16-00034-

CV, appellant, Kidron Vestal, challenges the trial court's denial of a plea to the jurisdiction in favor of appellee, Efstratios Pistikopoulos. In her concurrently-filed petition for writ of mandamus in appellate cause number 10-16-00035-CV, Vestal asserts that the trial court abused its discretion in ordering her to participate in Rule 202 pre-suit depositions. Specifically, Vestal contends that the depositions would interfere with her employer's ongoing internal investigation into possible violations of the Federal Civil Rights Act of 1964 and that the trial court lacks subject-matter jurisdiction over any action Pistikopoulos anticipates filing. After reviewing both filings, we reverse the trial court's denial of Vestal's plea to the jurisdiction and granting of Pistikopoulos's Rule 202 petition and remand to the trial court to afford Pistikopoulos the opportunity to amend his Rule 202 petition; we also conditionally grant Vestal's mandamus petition as it pertains to the immunity issue and deny the mandamus petition in all other respects.

## I. BACKGROUND

In his verified petition requesting depositions under Rule 202, Pistikopoulos, a faculty member at Texas A&M University, alleged that Vestal, a former staff member at Texas A&M University, falsely claimed that he harassed and tried to kiss her.[1] These purported allegations "harmed Petitioner's reputation, and caused Petitioner to be investigated by his employer." In his petition, Pistikopoulos noted that he intends to

---

[1] In subsequent filings by the parties, this Court has learned that Vestal is no longer employed by Texas A&M University.

elicit deposition testimony from Vestal with regard to statements she made about him to third parties. Pistikopoulos believes that this testimony is necessary to "determine whether he has a claim for defamation, or any other tort actions, against Vestal."

Vestal responded to Pistikopoulos's petition by filing a plea to the jurisdiction, arguing that Texas A&M University enjoys sovereign immunity and that immunity extends to her for conduct within the course and scope of her employment. Vestal also argued that the requested depositions would interfere with an ongoing sexual harassment investigation required by federal law and university policy.

After a hearing, the trial court granted Pistikopoulos's request for pre-suit depositions under Rule 202 and denied Vestal's plea to the jurisdiction. The trial court also ordered that Vestal submit to the depositions after January 21, 2016. Pistikopoulos noticed Vestal's deposition for February 12, 2016. However, prior to the scheduled deposition date, Vestal filed her notice of interlocutory appeal, her mandamus petition, and a motion to stay the trial court's order granting the Rule 202 pre-suit depositions. We granted Vestal's motion to stay the trial court's order granting the Rule 202 pre-suit depositions.

## II. PLEA TO THE JURISDICTION

In her sole issue in her interlocutory appeal and in her second issue in her mandamus petition, Vestal asserts that the trial court did not have jurisdiction to grant a

pre-suit deposition under Rule 202 because, under the Texas Tort Claims Act ("TTCA"), she, as a state employee, is immune.

## A.    Rule 202 Petitions

Texas Rule of Civil Procedure 202 permits a person to petition the court for authorization to take a deposition before suit is filed in two circumstances:  (1) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (2) to investigate a potential claim or suit.  TEX. R. CIV. P. 202.1(a)-(b). It is undisputed that this case involves the investigation of a potential claim or suit.

Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein.  *See In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (noting that requiring a Rule 202 petitioner to plead a viable claim "would eviscerate the investigatory purpose of Rule 202 and essentially require one to file suit before determining whether a claim exists" and would place "counsel in a quandary, considering counsel's ethical duty of candor to the court and the requirements of [rule 13]"); *see also City of Houston v. U.S. Filter Wastewater Group, Inc.*, 190 S.W.3d 242, 245 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Rule 202 does not require a petitioner to plead a specific cause of action.").  Thus, the nature of Rule 202 as an investigatory tool necessitates some breadth of pleading and dictates that we liberally construe the petition.

The trial court "must" order the deposition to be taken "if, but only if," it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a). The Texas Supreme Court has expressly held that these findings may not be implied from support in the record. *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding).

"Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). Accordingly, courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding); *In re Reassure Am. Life Ins. Co.*, 421 S.W.3d 165, 171 (Tex. App.—Corpus Christi 2013, orig. proceeding). Rule 202 was not intended as a means of obtaining otherwise unobtainable discovery. *See In re Wolfe*, 341 S.W.3d at 933 (noting that petitioner "cannot obtain by Rule 202 what it would be denied in the anticipated action"). Rule 202 expressly limits the scope of discovery in depositions to "the same as if the anticipated suit or potential claim had been filed." *Id.* (citing TEX. R. CIV. P. 202.5). Rule 202, like all the rules of civil procedure, was fashioned by the Texas Supreme Court as a means of "obtain[ing] a just, fair, equitable and impartial adjudication of the rights of

litigants under established principles of substantive law." *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 554 (Tex. App.—Dallas 2011, no pet.) (citing TEX. R. CIV. P. 1); *see Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 534-35 (Tex. App.—Austin 2013, pet. denied).

A Rule 202 petition must "be filed in the proper court of any county . . . ." TEX. R. CIV. P. 202.2(b).  Rule 202 does not itself waive sovereign or governmental immunity.  *See Dallas Black Fire Fighters Ass'n*, 353 S.W.3d at 553-54; *see also City of Dallas v. City of Corsicana*, Nos. 10-14-00090-CV & 10-14-00171-CV, 2015 Tex. App. LEXIS 8753, at *3 (Tex. App.—Waco Aug. 20, 2015, pet. filed) (mem. op.).  A "proper court" is a court with subject-matter jurisdiction over the underlying dispute; thus, we must look to the substantive law of the underlying dispute or the anticipated suit to determine jurisdiction.  *See, e.g., City of Dallas*, 2015 Tex. App. LEXIS 8753, at *3 (citing *Dallas Black Fire Fighters Ass'n*, 353 S.W.3d at 554-57; *In re Donna Indep. Sch. Dist.*, 299 S.W.3d 456, 459-61 (Tex. App.—Corpus Christi 2009, orig. proceeding); *In re Dallas County Hosp. Dist.*, No. 05-14-00249-CV, 2014 Tex. App. LEXIS 3542, at *8 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) ("The trial court abused its discretion in concluding that real party was entitled to discovery under Rule 202 under the facts of this case because there was no evidence before the trial court that could provide a basis for concluding that real party's potential claim would not be barred by sovereign immunity.")).

## B. Immunity

Immunity from suit defeats a trial court's subject-matter jurisdiction and, thus, is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). And whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 854, 855 (Tex. 2002).

> A plea to the jurisdiction seeks to dismiss a case for want of jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). When reviewing whether a plea was properly granted [or denied], we first look to the pleadings to determine if jurisdiction is proper, construing them liberally in favor of the plaintiffs and looking to the pleader's intent. *Id.* at 226. The allegations found in the pleadings may either affirmatively demonstrate or negate the court's jurisdiction. *Id.* at 226-27. If the pleadings do neither, it is an issue of pleading sufficiency and the plaintiff should be given an opportunity to amend the pleadings. *Id.*

*City of Waco v. Kirwan*, 298 S.W.3d 618, 621-22 (Tex. 2009). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227. The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We accept the factual allegations contained in the pleadings as true. *Miranda*, 133 S.W.3d at 226.

Here, Vestal asserts that the TTCA extends immunity to governmental employees, such as herself, accused of torts for conduct within the scope of their employment. In making this argument, Vestal relies heavily on section 101.106(f) of the TTCA and the

Texas Supreme Court's decision in *Franka v. Velasquez*. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011); *see also Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011).

Section 101.106(f) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). Therefore, a defendant is entitled to dismissal under section 101.106(f) upon proof that the plaintiff's suit (1) was based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the government unit under the TTCA. *Id.*; *see Franka*, 332 S.W.3d at 369; *Univ. of Tex. Health Sci. Ctr. v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011). The first component encompasses two inquiries: (1) whether the individual defendant was an employee of a governmental unit; and (2) whether the acts alleged fall within the scope of that employment at the relevant time. *See Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Poland v. Willerson*, No. 01-07-00198-CV, 2009 Tex. App. LEXIS 1805, at *14 (Tex. App.—Houston [1st Dist.] Mar. 13, 2008, pet. denied) (mem. op.); *Turner v. Zellers*, 232 S.W.3d 414, 417 (Tex. App.—Dallas 2007, no pet.)). Furthermore, section 101.106 strongly favors dismissal of governmental

employees. *Id.* (citing *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied)).

Here, it is undisputed that Vestal was an employee of Texas A&M University at the time the trial court ruled on the Rule 202 petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2) (providing that an "[e]mployee" is "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control."). Indeed, in his verified petition, Pistikopoulos alleged that Vestal "is a staff member at Texas A&M, and was formerly the Department's Communications Manager." Furthermore, Texas A&M University is a "governmental unit" for purposes of section 101.106. *See id.* § 101.001(3); *see also Tex. A&M Univ. v. Koseoglu*, 233 S.W.3d 835, 838-40 (Tex. 2007). Therefore, we conclude that the record evidence satisfies the first inquiry.

The second inquiry, however, is the focus of the complaints in this appeal. The Texas Tort Claims Act defines "[s]cope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West 2011). Officials act within the scope of employment if their acts fall within the duties generally

assigned to them. *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 791 (Tex. App.—Dallas 2012, pet. denied).

In his original petition, Pistikopoulos asserted the following facts:

Petitioner is a faculty member in the Department of Chemical Engineering at Texas A&M ("Department"). Vestal is a staff member at Texas A&M, and was formerly the Department's Communications Manager. Vestal's position often required that she worked closely with faculty members regarding departmental marketing, and departmental and university events. Vestal has never been in a direct or indirect reporting relationship in her job to Petitioner.

Petitioner and Vestal did not date, nor did they ever have a physical or intimate relationship of any kind. Vestal has falsely claimed that Petitioner has harassed her (specifically that he tried to kiss her). This has harmed Petitioner's reputation, and caused Petitioner to be investigated by his employer.

At the hearing on her plea to the jurisdiction, Vestal acknowledged that she filed a complaint against Pistikopoulos with Texas A&M and insisted that she has told the truth with respect to her allegations.

However, even construing the Rule 202 petition liberally, as we are required to do, we conclude that Pistikopoulos's current Rule 202 petition is too broad. As noted earlier, Pistikopoulos sought to depose Vestal regarding "statements that she has made about Petitioner to third parties" to determine whether "he has a claim for defamation or any other tort actions against Vestal." Neither Pistikopoulos in his petition nor the trial court in its order further limited the deposition of Vestal. It is conceivable that the statements sought by Pistikopoulos could involve actions both within and outside the course and

scope of Vestal's employment. For example, a fair reading of Pistikopoulos's petition could allow for the discovery of statements made by Vestal to those conducting the internal investigation at Texas A&M University. Without more clarity, such statements could fall within the course and scope of Vestal's employment and, thus, could implicate immunity. *See, e.g., Vela v. Rocha*, 52 S.W.3d 398, 405-06 (Tex. App.—Corpus Christi 2001, no pet.) (referring to an affidavit that stated that: "It is long-standing TDH [Texas Department of Health] policy for all employees to report sexual harassment when it occurs in the workplace" and concluding that the reporting employees were entitled to official immunity); *Alamo Workforce Dev. Inc. v. Vann*, 21 S.W.3d 428, 435 (Tex. App.—San Antonio 2000, no pet.) (holding that a government employee was entitled to official immunity with regard to the reporting and investigation of employee harassment claims) (citing *Brooks v. Scherier*, 859 S.W.2d 586, 588 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (concluding that government employees who report sexual harassment claims act within the scope of their employment)). Because we cannot say unequivocally that the scope of Pistikopoulos's petition does not implicate statements made in the course and scope of Vestal's employment, we conclude that the trial court erred in denying Vestal's plea to the jurisdiction and granting the Rule 202 petition.

Nevertheless, the Texas Supreme Court has stated that if allegations made in pleadings do not affirmatively demonstrate or negate the court's jurisdiction, as is the case here, the plaintiff, Pistikopoulos, should be given an opportunity to amend the

pleadings.  *See Kirwan*, 298 S.W.3d at 621-22 (citing *Miranda*, 133 S.W.3d at 226-27). Accordingly, we reverse the trial court's denial of Vestal's plea to the jurisdiction and granting of Pistikopoulos's Rule 202 petition and remand to the trial court to allow Pistikopoulos an opportunity to amend his Rule 202 petition to avoid immunity or other undiscoverable issues.  *See Kirwan*, 298 S.W.3d at 621-22; *see also Miranda*, 133 S.W.3d at 226-27.  We therefore sustain Vestal's sole issue on interlocutory appeal and grant her mandamus petition with respect to issue two.

### III.    MANDAMUS PETITION

In her first issue in her mandamus petition, Vestal asserts that the trial court abused its discretion by finding that the benefit of Rule 202 pre-suit depositions outweighed the burden where the evidence demonstrated that the depositions would impede Texas A&M's internal investigation mandated by federal law.  However, given our resolution of Vestal's interlocutory appeal and her second issue in her mandamus petition, we need not address this contention.  *See* TEX. R. APP. P. 47.1.  Nevertheless, it is noteworthy that in subsequent filings in this Court and at oral argument, Vestal acknowledged that Texas A&M's internal investigation is complete and that this argument is now moot.  We therefore overrule Vestal's first issue in her mandamus petition and, thus, deny the mandamus petition, in part.

## IV.  CONCLUSION

In appellate cause number 10-16-00034-CV, we reverse the trial court's denial of Vestal's plea to the jurisdiction and granting of the Rule 202 petition and remand to the trial court to afford Pistikopoulos the opportunity to amend his Rule 202 petition. Furthermore, in appellate cause number 10-16-00035-CV, we conditionally grant Vestal's petition for writ of mandamus as it pertains to the immunity issue and deny the mandamus petition in all other respects.  The writ will issue only if the trial court fails to comply with this opinion within fourteen days.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal reversed and remanded and mandamus conditionally granted, in part
Opinion delivered and filed July 27, 2016
[CV06]

