

# NUMBER 13-21-00372-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**RUDY HERNANDEZ,**                                                                                      **Appellant,**

v.

**KRYSTLE GUERRA,**                                                                                      **Appellee.**

**On appeal from the 139th District Court
of Hidalgo County, Texas.**



# NUMBER 13-21-00384-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MANUEL RENTA,                                                     **Appellant,**

## v.

KRYSTLE GUERRA,                                                   **Appellee.**

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

In two separate appellate causes,[1] appellants Rudy Hernandez and Manuel Renta appeal the trial court's orders denying their motions to dismiss a defamation suit brought by appellee Krystle Guerra. Both Hernandez and Renta argue they are entitled to dismissal pursuant to the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106. Hernandez raises a separate issue arguing he is alternatively entitled to dismissal pursuant to the Texas Citizens Participation Act (TCPA). *See id.* §§ 27.001–27.011. We reverse and render.

## I.     BACKGROUND

Guerra, Hernandez, and Renta are each employees of the City of Pharr Fire Department (PFD). Guerra filed suit against Hernandez and Renta complaining that they defamed her. Specifically, Guerra alleged that on or about February 18, 2021, Renta told Hernandez that Guerra was having an extra-marital affair. Guerra further alleged that Hernandez repeated the "false and slanderous statement" to others on or about February 27, 2021.

Hernandez filed a motion to dismiss pursuant to (1) the election-of-remedies provision of the TTCA and (2) the TCPA. With respect to the TTCA, Hernandez argued that Guerra's suit was based on conduct within the general scope of Hernandez's employment with the City of Pharr (the City) and that the suit could have been brought against the City under the TTCA. *See id.* § 101.106. As to the TCPA, Hernandez argued that Guerra's claim was based on the exercise of Hernandez's right to petition and of free speech. *See id.* §§ 27.001–27.011. Hernandez further argued that Guerra could not

---

[1] Both appellate cause numbers originate from the same trial court cause, and the dispositive motions were heard together by the trial court on October 27, 2021. Therefore, we will address the issues in this consolidated memorandum opinion.

establish a prima facie case for her claim by clear and specific evidence. Finally, Hernandez argued that he was entitled to the affirmative defense of absolute privilege.

Hernandez attached to his motion the following evidence: (1) his own affidavit; (2) a February 27, 2021 internal complaint; and (3) correspondence from Guerra's counsel. Hernandez averred that he filed an official complaint with his superiors on February 27, 2021. In his complaint, Hernandez alleged a hostile work environment due to the actions of Guerra, who was his superior. Hernandez provided several details regarding Guerra's behavior, including Guerra's relationship with fellow employee Fernando Martinez. Hernandez noted that they would talk about others in the PFD in a "negative regard." He stated that Guerra favored Martinez and that Guerra failed to follow various PFD guidelines. He described Guerra's relationship with Martinez as a "grossly inappropriate supervisor[-]subordinate relationship." Hernandez advised Renta, PFD's deputy chief, of Guerra's "unprofessional behavior." According to Hernandez's written complaint, Renta informed Hernandez that he believed Guerra was having a sexual relationship with Martinez.

Renta likewise filed a motion to dismiss pursuant to the election-of-remedies provision of the TTCA. Relying on the evidence previously filed by Hernandez, Renta argued that his statement to Hernandez was made in the general scope of his employment "in relation to a complaint by Hernandez that [Guerra] was subjecting him to a hostile work environment."

Guerra did not file a response to either appellant's motion to dismiss. Following a non-evidentiary hearing, the trial court signed separate orders denying each appellant's motion. Both appellants now appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN.

4

§ 51.014(a)(5), (12); *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011) (holding that "an appeal may be taken from orders denying an assertion of immunity, as provided in section 51.014(a)(5), regardless of the procedural vehicle used").

## II.    ELECTION OF REMEDIES

By Hernandez's first issue and Renta's sole issue, each argue that the trial court erred in denying their motion to dismiss because Guerra's suit should be considered as one against them in their official capacity only pursuant to the election-of-remedies provision of the TTCA.

### A.    Standard of Review & Applicable Law

"The [TTCA] provides a limited waiver of immunity for tort suits against the government." *Tex. Dep't of Aging & Disability Svcs. v. Cannon*, 453 S.W.3d 411, 414 (Tex. 2015). The Act also includes a comprehensive election-of-remedies scheme that requires plaintiffs to sue either the governmental unit or its employee individually, not both. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106; *Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 536–37 (Tex. 2017). As applicable here, the statute provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

Section 101.106(f) completely "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka v.*

5

*Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). Under this provision, a defendant must establish the following to be entitled to dismissal: (1) the defendant was an employee of a governmental unit; (2) the defendant was acting within the general scope of his employment; and (3) the suit could have been brought under the TTCA against the governmental unit. *See id.*

Similar to a plea to the jurisdiction, "[a] motion to dismiss filed by an employee of a governmental unit pursuant to [§] 101.106(f) is a challenge to the trial court's subject-matter jurisdiction, which we review *de novo*." *Fryday v. Michaelski*, 541 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *see Franka*, 332 S.W.3d at 371 n.9 (explaining that a defendant moving for dismissal pursuant to § 101.106(f) is asserting a claim of governmental immunity). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)). This is true even when the jurisdictional issue intertwines with the merits of the case. *Id*. When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, the standard of review mirrors that of a summary judgment. *Id*. Therefore, we must take as true all evidence favorable to the nonmovant, indulge every reasonable inference and resolve any doubts in the nonmovant's favor, and disregard contrary evidence unless a reasonable factfinder could not. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Miranda*, 133 S.W.3d at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 228.

## B.    Scope of Employment

There is no dispute that each appellant is an employee of a governmental unit or that the suit could have been brought under the TTCA against the governmental unit.[2] Therefore, we must examine whether each appellant established that they were acting within the scope of their employment. Hernandez and Renta both argue that their statements concerning Guerra's relationship with another employee were solely limited to Hernandez's workplace complaint against Guerra and thus each were acting within the scope of their employment.

The TTCA defines "scope of employment" as (1) "the performance for a governmental unit of the duties of an employee's office or employment," which (2) "includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). "For purposes of [§] 101.106(f), the employee's state of mind, motives, and competency are irrelevant so long as the conduct itself was pursuant to the employee's job responsibilities." *Garza v. Harrison*, 574 S.W.3d 389, 401 (Tex. 2019).

---

[2] The TTCA does not waive immunity for intentional torts such as defamation. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2). However "tort claims against the government are (or could be) brought [under the TTCA] regardless of whether the [Act] waives immunity for those claims." *Tex. Dep't of Aging & Disability Svcs. v. Cannon*, 453 S.W.3d 411, 414 (Tex. 2015).

7

Here the complained-of statement—that Guerra was having a sexual relationship with fellow employee Martinez—is contained within an employee complaint filed by Hernandez with his superiors discussing his direct supervisor's inappropriate workplace misconduct. Specifically, Hernandez expressed concerns with Guerra's "unprofessional behavior" as exhibited by her workplace interactions with Martinez. According to his complaint, he first shared his concerns verbally with his superior Renta. It was during this conversation, and in response to Hernandez's concerns, that Renta made the alleged defamatory statement, which Hernandez republished in his formal complaint.

In determining whether the alleged defamatory statements were made in the scope of employment, we find instructive the Texas Supreme Court's opinion in *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017). In that case, a university professor sued a colleague for defamation after he was passed over for a promotion. *See id.* at 750. The professor claimed that his colleague's statements to the university's provost about his perceived front-runner status for the dean position and his use of a "listening device" to eavesdrop on conversations eliminated his chances for promotion. *See id.* at 750–51. The defendant moved for summary judgment pursuant to § 101.106(f) of the TTCA, arguing that she acted in the scope of her employment when making the alleged defamatory statements. *Id.* at 751. The trial court denied the defendant's motion, and the court of appeals affirmed on the ground that the defendant failed to offer evidence that she was furthering her employer's purposes rather than her own, when she made the statements. *See id.*

The Texas Supreme Court reversed, emphasizing that the scope-of-employment analysis "calls for an objective assessment of whether the employee was doing her job

when she committed an alleged tort, not her state of mind when she was doing it." *Id.* at 753. The Court explained that the analysis is "fundamentally objective," requiring only the following inquiry: "Is there a connection between the employee's job duties and the alleged tortious conduct?" *Id.* The Court reasoned that an employee may be acting within the scope of her employment "even if the employee performs negligently or is motivated by ulterior motives or personal animus so long as the conduct itself was pursuant to her job responsibilities." *Id.* The Court concluded that "[e]ven if [the defendant] defamed [the professor], she did so while fulfilling her job duties." *Id.* at 755–56. The Court accordingly dismissed the claims. *Id.* at 756.

This case also bears some resemblance to the facts of the earlier Texas Supreme Court opinion *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573 (Tex. 2002). In *Minyard*, a supermarket employee alleged that the store manager defamed her by falsely stating during a workplace misconduct investigation that he had "kiss[ed] and hugg[ed]" her on several occasions. 80 S.W.3d at 574–75. A jury found that the manager acted within the course and scope of his employment, holding the manager and the employer jointly and severally liable. *Id.* at 575. The Texas Supreme Court reversed the judgment against the employer, finding that there was no evidence to support the jury's finding that the manager was acting within the course and scope of his employment. *Id.* at 579. The Court noted that "[t]here is a critical distinction between defaming someone *to* one's employer and defaming someone *for* one's employer"—the former action is not for the employer's benefit or for the accomplishment of the objective for which the employee was hired, whereas the latter action is "authorized and expected" to be made and is "closely connected to the performance of [the employee's] duties." *Id.* at 579 (emphasis added).

9

In *Minyard*, the court held that the employment policies at issue "do not demonstrate that [the manager]'s defaming [the plaintiff] during the investigation would further [the employer]'s business and accomplish a purpose of [the manager]'s job." *Id*.

This Court previously had this to say regarding the potential tension between *Laverie* and *Minyard*:

> It is difficult to reconcile *Minyard* and *Laverie*. In both cases, an employee allegedly lied about a colleague engaging in illicit actions in the workplace. In both cases, the employee made the alleged defamatory statements in response to direct questioning by a superior employee about the colleague. And there was evidence in both cases that the defendant was required—by store policy or by virtue of the employee's position—to answer the superior's questions. Yet the defendant's actions in *Laverie* were held to be within the scope of employment, while the defendant's actions in *Minyard* were not. If there is a distinguishing factor, it appears to be the underlying subject matter of the alleged defamatory statements. As the *Laverie* Court noted, in *Minyard*, the manager's admissions to 'kissing and hugging' a co-worker were not in furtherance of his responsibilities in running a grocery store; thus, even though the manager was required by store policy to participate in workplace misconduct investigations, the manager's statements made during such an investigation were objectively outside the scope of employment. On the other hand, the alleged defamatory statements in *Laverie* concerned the plaintiff's status as a candidate for the position of business school dean. The statements were therefore made in furtherance of the university's business and for the accomplishment of [an] objective for which the employee was employed.

*Vinson v. Tucker*, No. 13-16-00639-CV, 2018 WL 2170007, at *6 (Tex. App.—Corpus Christi–Edinburg May 10, 2018, no pet.) (mem. op.) (cleaned up).

Again, we are faced with applying seemingly conflicting precedents. While the current case is superficially similar to *Minyard* due to allegations of intimacy with a fellow employee, we believe the case is fundamentally controlled by the more recent *Laverie*. Like in *Laverie*, appellants' statements related to a concern about a colleague's inappropriate *workplace* behavior and her fitness for her position. The alleged personal relationship was germane to concerns expressed about Guerra's workplace interactions

which were considered inappropriate. In *Minyard*, the employee defendant was responding to allegations of his own purported misconduct with a subordinate, thus his statements were determined to be made *to* the employer and not *for* the employer. 80 S.W.3d at 579. Unlike *Minyard*, the statements here relate to the report of another's misconduct and its effect on the work environment. These statements pertain to Guerra's ineffectiveness as a supervisor and the resulting workplace climate. As such, they are better classified as statements made *for* the employer. *See id.* The same would not be true had the complained-of statements been made by appellants in response to an investigation of their own misbehavior, as in *Minyard*, or simply involved idle gossip between coworkers unconnected to a complaint of a hostile work environment.

Under *Laverie*, whether Hernandez and Renta were motivated by personal animus or whether their statements are actually false is not material to our scope of employment inquiry. 517 S.W.3d at 753. With that in mind, we conclude that Renta's statement and Hernandez's republishing of it were objectively connected to their job duties. *See Rios*, 542 S.W.3d at 535–36 (holding that doctors' statements negatively reflecting on a resident's patient care and professionalism were made within the scope of employment); *Brooks v. Scherler*, 859 S.W.2d 586, 588–89 (Tex. App.—Houston [14th Dist.] 1993, no writ) (holding that an employee's discretionary report of workplace harassment was made within the scope of employment); *see also* TEX. GOV'T CODE ANN. § 614.022 (requiring complaints against firefighters to be in writing and signed by the complainant); *Cai v. Chen*, No. 14-20-00588-CV, 2022 WL 2350049, at *4 (Tex. App.—Houston [14th Dist.] June 30, 2022, no pet. h.) (mem. op.) (holding that employee's report of harassment and communications relating to that report were within the scope of employment); *Vinson,*

11

2018 WL 2170007, at *7 (concluding that defendant's statement regarding a colleague's potential break-in and theft of personnel files was made within the scope of employment). Therefore, we conclude that appellants' statements were made within the scope of employment. *See Laverie,* 517 S.W.3d at 753.

Guerra nevertheless argues that her pleadings refer to "unspecified defamatory statements" and not just the statements referenced in Hernandez's employee complaint. However, Hernandez and Renta both filed evidentiary challenges to the trial court's jurisdiction.[3] After the party challenging subject-matter jurisdiction "asserts and supports with evidence that the trial court lacks subject[-]matter jurisdiction," the plaintiff is required "to show that there is a disputed material fact regarding the jurisdictional issue." *Miranda*, 133 S.W.3d at 228. Faced with this burden, Guerra failed to produce any evidence of defamatory statements made outside of the scope of employment.[4] *See id.*

We conclude that both Renta and Hernandez established their entitlement to dismissal pursuant to § 101.106(f) of the TTCA. *See Michaelski*, 541 S.W.3d at 348. We sustain Hernandez's first issue and Renta's sole issue. Having granted Hernandez's first issue on jurisdictional grounds, we need not address his second issue regarding the application of the TCPA. *See Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 22

---

[3] While Guerra is correct that the hearing was limited to the arguments of counsel, the evidence attached to Hernandez's motion to dismiss and incorporated into Renta's motion was properly before the trial court. *See Schronk v. City of Burleson*, 387 S.W.3d 692, 702 (Tex. App.—Waco 2009, pet. denied) ("There is no rule specifying the manner in which a party must present evidence in support of a plea to the jurisdiction.").

[4] In her brief, Guerra states that she has "not yet been able to discover" all of appellants' defamatory statements because discovery has been stayed. However, as indicated by her citation to Hernandez's notice of appeal, Guerra is referencing the appellate stay authorized by § 51.014(b) of the civil practice and remedies code for interlocutory appeals. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b). Having searched the record, the Court has found no indication that a discovery stay was in place prior to this appeal being taken.

(Tex. App.—Houston [14th Dist.] 2020, no pet.) (explaining that the absence of jurisdiction deprives a court of jurisdiction to apply the TCPA at all).

### III. CONCLUSION

We reverse the judgment of the trial court in both appellate causes and render judgment dismissing Guerra's claims against each appellant.


LETICIA HINOJOSA
Justice

Delivered and filed on the
30th day of August, 2022.

13